Arthur D. Brennan, J.
In this action brought to recover damages for wrongful death alleged to have been caused through the negligence of the defendants at a time when the decedent was a patient in the defendant hospital, the plaintiff seeks to examine all of the defendants before trial. The motion is not opposed with respect to the individual defendants (nurses) but it is contended that their examination should be held before a referee appointed by the court pursuant to section 296-a of the Civil Practice Act. This contention may not be sustained, for in this court’s opinion the purpose of the enactment of this section was to avoid the inconvenience of requiring doctors and nurses to attend as witnesses at trials held some distance from the hospital at which they were regularly attached. However, where, as here, the nurses are sought to be examined as adverse parties and where they can and will be examined without delay at the courthouse which is not far distant from the hospital to which they are attached, they do not come within the purview of the aforesaid section. Accordingly, a pretrial examination of these individual defendants is granted with respect to items Nos. 1 and 2 and said examination shall proceed at Special Term, Part I, of the Westchester Supreme Court on April 24, 1956 at 10:00 a.m. unless the attorneys agree upon some other date, hour and place.
The application for a pretrial examination of the defendant hospital presents an interesting problem. The plaintiff, evidently proceeding under the provisions of rule 121-a of the Rules of Civil Practice, seeks to examine said hospital “ concerning all issues of negligence, contributory negligence, liability or damages in connection with an accident which occurred to the decedent * * * in the Mount Vernon
Hospital on or about November 8th, 1952 which subsequently resulted in his death on November 12th,' 1952 ”. Prior to the enactment of the aforesaid rule, it was held in the leading case of Mieryjeski v. Bay Ridge Sanitarium (237 App. Div. 851) that where the subject matter of the examination concerned medical acts of negligence (for which a hospital is not liable) as well *1065 as administrative acts of negligence (for which the hospital may be liable) the examination should not be allowed until the scope of the same had been limited to the alleged administrative acts of negligence complained of. In the recent case of Piccarreto v. Rochester Gen. Hosp. (283 App. Div. 1003) it was held that rule 121-a did not enlarge the extent of examinations permitted under sections 288 et seq. of the Civil Practice Act. From these cases, the rule appears clear that a pretrial examination of a hospital may only be had where the matters upon which the examination is sought consist only of specified items of administrative acts of negligence. A good example of items of administrative acts of negligence, allowed as material and pertinent, may be found in the record on appeal in the case of Friedman v. Society of New York Hosp. (275 App. Div. 902).
Accordingly, the motion for a pretrial examination of the defendant hospital is denied but without prejudice to a renewal thereof on proper papers wherein the movant shall specify the proper items and records upon which the examination is sought.
Settle order on notice.