Joseph Life, J.
These are three motions for protective orders to vacate subpoenas and notices to take the depositions of three witnesses.
In the course of financial transactions between the plaintiffs and the defendant, a banking institution, the latter engaged a firm of accountants to prepare information on plaintiffs’ operations. Two of the witnesses whose depositions are sought by the plaintiffs are members of the accounting firm. The third witness is a former officer of the defendant who represented it in the transactions with the "plaintiffs. Plaintiffs sue to recover *496 damages for the alleged breach of the defendant’s obligations in connection with the transactions.
Plaintiffs proceeded by serving subpoenas and notices (CPLR 3106, subd. [b]; 3107) and not by motion (CPLR 3101, subd. [a], par. [4]). As we read CPLR 3101 it does not set up rules of procedure (these begin with CPLR 3102) but rather states in general terms what may and may not be the subject of disclosure. CPLR 3101 (subd. [a], par. [4]) does not in affirmative language require that an examination of “any person ” must be obtained on motion but rather it suggests that when objection is raised (e.g., CPLR 3101, subd. [b]) the court must determine whether there are adequate special circumstances. CPLR 3102 (subd. [b]) indicates that in the first instance disclosure devices should be obtained by stipulation or on notice without leave of the court unless otherwise provided by the CPLR or by the court. Weinstein-Korn-Miller, commenting on that provision, state that it “is broader than the federal rule since it makes every discovery device obtainable, in the first instance, on notice without application to the court ” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3102.05) and they go on to say (par. 3102.06) that CPLR requires a party to obtain an order of the court only in specified instances of which they give illustrations.
Thus it appears that wherever possible and except where expressly interdicted (e.g., CPLR 3106, subd. [c]) a party should proceed by notice. In seeking to examine a witness, a notice (CPLR 3107) and subpoena (CPLR 3106, subd. [b]) should be served. Either the witness or the adversary may then apply for a protective order if they choose to resist the examination. Where the adversary did so, he would have to notify the witness that the examination had been stayed (CPLR 3106, subd. [b]) and on that application the existence of special adequate circumstances would be determined. This is the approved procedure (Spector v. Antenna & Radome Research Assoc. Corp., 25 A D 2d 569), for thus all questions would be resolved at one sitting and without that waste of judicial effort of which the court spoke in that case.
The Court of Appeals has indicated that the words “ material and necessary ” (CPLR 3101, subd. [a]) should be liberally construed ‘1 to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason ” and they went on to say, quoting from Weinstein-Korn-Miller (vol. 3, par. 3101.07, p. 31-15) that CPLR 3101, “ shoud be construed * * * to *497 permit discovery of testimony 1 which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable ’ ”. (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406-407.) Professor David D. Siegel in his 1968 Supplementary Practice Commentary to CPLR. 3101 (McKinney’s Cons. Laws of N. Y., Book 7B) in pungent style says: “ In Allen, the Court of Appeals has given the broadest sweep to the phrase ‘ material and necessary ’, thus confirming the many cases from the trial and intermediate appellate courts which also sought to prevent this basic criterion from becoming a construction haven for disclosure resisters.”
By the test provided by the Court of Appeals it would appear that the plaintiffs are entitled to the examination of the several witnesses. Plaintiffs paid only part of the auditors’ fees and, having refused to pay the balance, defendant paid it. In addition, the witnesses expressed a reluctance to meet with the attorney for the plaintiffs unless a representative of the defendant were present. Thus it is apparent that these witnesses are at the least reluctant and unwilling, if not hostile (cf. McElligott v. Harper Vending, 24 A D 2d 850). Plaintiffs ’ principal asserts that the statements prepared by the accountants injured the plaintiffs in their relationship with the defendant. The losses claimed by the plaintiffs are a very substantial amount. The interest of justice would be served by permitting the examination sought. The witnesses will thus have an opportunity to give their testimony in the presence of a representative of the bank in accordance with their expressed wishes.
The several motions for protective orders are denied.