MICHAEL VILLANO, Respondent, *v.* CONDE NAST PUBLICATIONS, INC., et al., Appellants.

First Department, November 26, 1974.

*Leo P. Larkin, Jr.,* of counsel (*Francis J. Mellen, Jr.,* with him on the brief; *Rogers & Wells,* attorneys), for appellants.

*Norman C. Harlowe* for respondent.

LUPIANO, J. In this action to recover damages for alleged invasion of privacy resulting from the publication of a photograph of plaintiff in the September, 1973 issues of *Vogue* and *Town and Country,* magazines published respectively by defendants, the Conde Nast Publications, Inc. and the Hearst Corp., plaintiff at his examination before trial put his physical condition in issue by claiming that the emotional distress occasioned by such publication aggravated a pre-existing condition of psoriasis for which he received medical treatment from a Dr. Goldfarb and a Dr. Parrish. Defendants' motion to compel disclosure as to the two physicians who are nonparty witnesses was denied on the basis of an absence of special circumstances justifying such relief. Scrutiny of the record discloses that counsel for the litigants were in agreement as to the propriety of defendants' request for the medical information possessed by the nonparty witnesses, but that they disagreed as to the necessity of an examination before trial which might entail taking the witnesses away from their professional duties.

Disclosure is warranted on this record pursuant to CPLR 3101 (subd. [a], par. [4]). Even under the prior act (Civ. Prac. Act, § 288) where disclosure was viewed with less liberality, a trend toward freer utilization of disclosure was discernible (*Ortner* v. *Bankers Life Ins. Soc.,* 17 A D 2d 325 [1st Dept., 1962] : *Courtland* v. *Brown, Harris, Stevens, Inc.,* 6 A D 2d 789 [1st Dept., 1958]). Indeed, in *Ortner,* this Department " has established a policy of permitting the examination before trial of a hostile witness where the witness has special or exclusive knowledge of the facts in issue (*Southbridge Finishing Co.* v. *Golding,* 2 A D 2d 430, 435), the purpose being to enable the parties to unearth the facts before trial. (*Dorros, Inc.* v. *Dorros Bros.,* 274 App. Div. 11.) " (*Ortner* v. *Bankers Life Ins. Soc., supra,* p. 326.) Subsequent to enactment of the CPLR, the Court of Appeals in *Allen* v. *Crowell-Collier Pub. Co.* (21 N Y 2d 403 [1968]) clearly indicated that a liberal construction is called for in respect of disclosure under CPLR 3101. This court presaged this view in

*United States Life Ins. Co.* v. *Arenstein,* 24 A D 2d 978 [1st Dept., 1965]), wherein a party's physical complaints and medical history, material to issues in litigation, justified examination of that party's physicians as being "fully and easily within the special knowledge and competence of his doctors". In that case we indicated the *likelihood* that the physicians were hostile. Recently, in *Glatzer* v. *Monarch Life Ins. Co.* (40 A D 2d 771 [1st Dept., 1972]), we held that adequate special circumstances existed to justify examination of the plaintiff's personal physician as a nonparty witness on the basis that he supplied (and presumably possessed) information as to his patient's medical history claimed to be at variance with that of plaintiff's own assertion as to his physical condition at the time of application for the defendant's insurance policy. Patently, "knowledge exclusively possessed by prospective witnesses, touching liability and damages, combined with their refusal to speak except by force of subpoena, establishes the special circumstances required for a disclosure pursuant to CPLR 3101" (*Sherwood* v. *Lilly and Co.,* 36 A D 2d 533 [2d Dept., 1971]). Parenthetically, it is noted that most recently the Fourth Department approved the liberal construction of CPLR 3101 (subd. [a], par. [4]) advocated by Professor David D. Siegel in his practice commentary (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101, C3101:22) to the effect "that disclosure against a nonparty witness should be just as broad in the state practice as it is in the federal. The only barrier is CPLR 3101(a)(4), and that is truly a nominal one. Even hostility of such a witness should not be a necessary showing. A mere showing by the lawyer that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a 'special circumstance.'" (*Kenford Co.* v. *County of Erie,* 41 A D 2d 586 [4th Dept., 1973].)

With respect to the physician-patient privilege, it has been aptly observed that "a party should not be permitted to assert a mental or physical condition in seeking damages or in seeking to absolve himself from liability and at the same time assert the privilege in order to prevent the other party from ascertaining the truth of the claim and the nature and extent of the injury or condition * * * In light of the strong policy in favor of full disclosure unless the information sought is immunized, the burden of showing the appropriate immunity should be on the person asserting it (*Haire* v. *Long Is. R. R. Co.,* 53 Misc 2d 536)" (*Koump* v. *Smith,* 25 N Y 2d 287, 294 [1969]; see *Steinberg* v. *New York Life Ins. Co.,* 263 N. Y. 45 [1933]). As noted above, the parties herein do not dispute defendants' right

to ascertain the truth of plaintiff's claim as to aggravation of a pre-existing physical condition.

The dissent adverts to two classes of cases in support of its position. Such support is misplaced and inapplicable to the instant situation.

Where an accounting is the ultimate object of an action, not present here, but involved in the cases cited in the dissent, it is well recognized that the *right* to the accounting must first be established before discovery proceedings can be ordered. This is a common-sense application of law and judicial husbandry, since a protracted and extensive accounting might eventually prove to be a vain and unnecessary procedure.

Objection is also taken because negligence cases, it is pointed out, may be tried in split manner, i.e., with the trial of the issue of liability preceding the trial of the issue of damages. If such takes place, the dissent indicates that the disclosure proceeding relating to damages would be necessary only if the aggrieved party was successful at the first stage. However, this observation flies in the face of reality because not all negligence cases are tried in this manner. CPLR 603 (and ensuing practice) vests the court with discretion to try *both* issues at one trial, with or without a jury; or to order a bifurcated trial.

If the procedure advocated in the dissent is adopted, the trial court may well be constrained to try one issue at a time, since an intervening period and a continuance would be needed to effectuate any necessary disclosure proceeding relevant to damages left in limbo. This problem would prove further perplexing in a bifurcated jury trial when the same jury, many times, is held over to try the case of damages immediately or soon after the resolution of the liability issue as an extension of the trial. These concerns would present greater problems if the logic of the dissent were to prevail.

The dissent also deals with the right of privacy. This right must always be well regarded. However, in our circumstances, the plaintiff threw the doors wide open and legally invited the procedure in question by placing the doctors' names upon the record. He thereby waived the physician-patient privilege and narrowed the issue at hand, which, in my view, should be resolved in the manner already discussed.

Finally, although the physicians sought to be deposed herein are treated under the CPLR in the same manner as other witnesses, the examination should be conducted under circumstances that insure that their medical practice is not unduly

interfered with (see 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.37; cf. Civ. Prac. Act, § 296-a [former law]; *Veneri* v. *Mount Vernon Hosp.*, 2 Misc 2d 1063).

The order of Supreme Court, New York County (GOMEZ, J.), entered July 19, 1974, denying defendants' motion for an order seeking the examination before trial of two nonparty witnesses, should be reversed, on the law and on the facts, without costs and disbursements, the motion should be granted and the examinations should be held at such time and place as agreed upon by the parties in accordance with the observations expressed herein and in the absence of agreement, application may be made to Special Term to set an appropriate time and place.

KUPFERMAN, J. (dissenting in part). While I am in accord with the court's analysis which permits deposing the two physicians who are nonparty witnesses, I would follow up on the indication that an attempt should be made to avoid the burden imposed on the physicians' medical practice because of the time that would be involved in the depositions. The evidentiary information to be obtained from them relates solely to the issue of damages. (See Right of Privacy by Hofstadter and Horowitz [Central Book Co., 1964], ch. 24.) Until the claim is established, there is no need for this information. (Cf. *Barnett Robinson, Inc.* v. *Staal, Inc.*, 43 A D 2d 826 [1st Dept., 1974]; *Alderman* v. *Eagle*, 41 A D 2d 641 [2d Dept., 1973].)

Under CPLR 603, there can be a prior separate trial of the liability issue. (See *Mercado* v. *City of New York*, 25 A D 2d 75 [1st Dept., 1966].)

MURPHY and LANE, JJ., concur with LUPIANO, J.; NUNEZ, J. P., and KUPFERMAN, J., dissent in part in an opinion by KUPFERMAN, J.

Order, Supreme Court, New York County, entered on July 19, 1974, reversed, on the law and on the facts, without costs and without disbursements, the motion granted, and the examinations should be held at such time and place as agreed upon by the parties in accordance with the observations expressed in the opinion of this court filed herein and, in the absence of agreement, application may be made to Special Term to set an appropriate time and place.