Leonard L. Finz, J.
The specific issue raised by this motion is whether the "special circumstance” provision of CPLR 3101 (subd [a], par 4) has been satisfied sufficiently so as to warrant an order directing the production of the plaintiff’s medical expert for an examination before trial. The broader and, perhaps, far more reaching question is whether the New York State discovery rules (CPLR art 31) relating to examinations of expert nonparty witnesses shall be so "liberalized” as to substitute in their place an equivalent rule 26 of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix).
Although there are related decisions in the First Department (Villano v Conde Nast Pub., 46 AD2d 118) and in the Fourth Department (Kenford Co. v County of Erie, 41 AD2d 586) addressing this subject generally, there is no definitive determination of this troublesome issue in the Second Department. Hence, this opinion.
The scope of disclosure is to be found in CPLR 3101. With regard to this section the trend of our courts has been toward a liberal construction of CPLR 3101. As stated in Allen v Crowell-Collier Pub. Co. (21 NY2d 403, 406-407), "The words, 'material and necessary’, are in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony 'which is sufficiently related to the issues of litigation to make the effort to obtain it in preparation for trial reasonable’ (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31-13).”
*94 Following the direction of Allen, Villano (46 AD2d 118, 120, supra) has held "Recently, in Glatzer v. Monarch Life Ins. Co. (40 A D 2d 771 [1st Dept., 1972], we held that adequate special circumstances existed to justify examination of the plaintiffs personal physician as a nonparty witness on the basis that he supplied (and presumably possessed) information as to his patient’s medical history claimed to be at variance with that of plaintiffs own assertion as to his physical condition at the time of application for the defendant’s insurance policy. Patently, 'knowledge exclusively possessed by prospective witnesses, touching liability and damages, combined with their refusal to speak except by force of subpoena, establishes the special circumstances required for a disclosure pursuant to CPLR 3101’ (Sherwood, v. Lilly and Co., 36 A D 2d 533 [2d Dept., 1971]).” Kenford adopts a similar view, once again signaling the route to be followed in this area. In this regard, it is interesting to observe that both the Villano and Kenford courts embrace the thoughts and comments of Professor David D. Siegel, who in his practice commentary writes: "It is submitted that disclosure of a nonparty witness should be just as broad in the state practice as it is in the federal. The only barrier is CPLR 3101 (a) (4), and that is truly a nominal one. * * * A mere showing by the lawyer that he needs such witnesses’ pretrial deposition in order to prepare fully for the trial should suffice as a 'special circumstance’ ” (McKinney’s Cons Laws of NY, Book 7B, CPLR, Practice Commentary, § C310L22, p 27).
While favoring a broad interpretation of the "special circumstance” provision of CPLR 3101 (subd [a], par 4) Professor Siegel would, at the least, require a "showing” by the movant that such a witness is necessary in order to prepare fully for trial. By the word "showing” we mean, usually, a demonstration supported by evidence or some factual background statement showing materiality or necessity, and not a naked or unsupported assertion as is urged by defendant in the instant case. In this connection, the bare statement by the seeking attorney that "the examination before trial of Dr. Katz (the plaintiffs medical expert) is materially necessary for the defense of this law suit” falls far short of the predicate that would satisfy the requirement of "a showing”. Moreover, the further statement by defendant’s counsel that "said deposition is materially necessary for the evaluation of the file for the purpose of setting forth reserves as required by law, as well as *95 an attempt to amicably dispose of the law suit” is of such specious quality and so far removed from the intent of the "special circumstance” provision of CPLR 3101 (subd [a], par 4) as to warrant no further discussion.
In the instant case, the plaintiff forwarded all medical reports to the defendant relating to the findings of the non-party medical expert as required by the rules of the Appellate Division, Second Department (22 NYCRR Part 672). Further, all medical records, including medical charts, maintained by a medical expert in the regular course of his profession are indeed discoverable (Koump v Smith, 25 NY2d 287; Newman v Searle & Co., 50 AD2d 902). Moreover, to employ CPLR 3101 (subd [a], par 4) in the manner sought by the use of a blanket assertion that the examination of an expert is "materially necessary for the defense of this law suit” without demonstrating the necessity, or other "adequate special circumstances” that would satisfy this court that they do indeed exist, requiring the invoking of the rule, would be a perversion of the true construction of the statute. On the subject of construction, Justice Oliver Wendell Holmes writes: "Different rules conceivably might be laid out for the construction of different kinds of writing. In the case of a statute * * * as we are dealing with the commands of the sovereign the only thing to do is find out what the sovereign wants. * * * We do not inquire what the legislature meant; we ask only what the statute means.” (The Theory of Legal Interpretation, 12 Harv L Rev 417, 419.)
In discussing statutory construction we have in mind cases in which there is a fair contest between two readings, each of which is well founded. A problem in statutory construction can raise serious questions only when there is a contest among meanings. Here, this court finds no such contest with respect to the legislative language specifically employed in CPLR 3101 (subd [a], par 4). The discretionary parameters within which a direction to a nonparty expert can be given, cannot be extended to mandate the deposing of a nonparty expert just for the asking. To do so, would be to remove the present legislative insulation which protects against the deposing of nonparty witnesses for the ulterior purpose of harassment and intimidation thereby imposing inconvenience and expense upon the other side. It is in this context that this court should exercise its discretion in the reasonable application of the rule and not toward its total demise. While there *96 have been many legislative revision committees from time to time reporting changes in the CPLR, many of which have been adopted, the Villano and Kenford holdings urging the adoption of the commentaries, supra, have not to date found their way into the present CPLR. One must conclude therefore that it was not then, nor is it now, the intention of the Legislature to have the rule relating to the "special circumstance” provision of CPLR 3101 (subd [a], par 4) amended, modified or removed.
This court is both sensitive to and mindful of judicial liberality that has nourished the New York State discovery rules in recent years. In this light, discretion has been employed by the courts, as a right of choice recognizing that discovery procedures are most useful tools in pretrial preparation. But that right of choice must not be utilized as one’s personal prerogative, but must evolve from established law and precedent. As stated most eloquently by Justice Learned Hand: "In nearly every case, in the Supreme Court, and to a lessor extent in other courts, there is an area of choice. How a judge marks out and determines that area largely determines the kind of judge he is. If a judge keeps this area too small, he is likely to be a poor judge for he will be too hidebound by precedent, too much tied to the past, too unaware of variations in the situation now before him. On the other hand, if a judge allows this area to be too broad, he is not likely to be a good judge. He may run some risk of deciding according to his own personal choice rather than according to law as he is given light to understand the law; he may give too little weight to precedent, and make the law unsettled; he may arrogate to the courts a broader range for decision than it is appropriate for judges to exercise.” (Aldisert, The Judicial Process, pp 131, 132.)
Therefore, to direct the examination of a nonparty expert in the posture of the instant case would be an innovation without proper legislative authority. As stated by the brilliant Benjamin Cardozo in The Nature of the Judicial Process "the judge, even when he is free, is stil not wholly free. He is not to innovate at pleasure(Hall, Selected Writings of Cardozo, p 164.) It is for the foregoing reasons that the motion for a protective order is granted relieving the nonparty expert from the subpoena calling for his appearance at a pretrial examination.