OPINION OF THE COURT
Shanley N. Egeth, J.
In the instant motion, the attorney for the defendant moves for a protective order (authorized by CPLR 3103 although not specified in the order to show cause) to vacate a subpoena duces tecum issued by plaintiff for the purpose of taking the oral deposition before trial of a nonparty to the action.
Although, the motion to quash this subpoena is predicated upon the stated ground that there exists no "adequate special *245 circumstances” as required by CPLR 3101 (subd [a], par [4]) to justify the examination of the nonparty, this court grants the motion upon the different and more basic ground that in seeking the relief, the plaintiff has not proceeded initially by motion in compliance with the express mandate of CPLR 3101 (subd [a], par [4]).
In taking this position, this court is not seeking to create unnecessary procedural roadblocks or impediments to any right to procure disclosure from a nonparty, nor is it seeking to burden any court with a prolixity of unnecessary motion practice, or to waste judicial effort in unnecessary judicial scrutiny.
This court is also cognizant of, and concurs with, the trend of increasing liberality in making discovery and disclosure more available when it is of assistance in the preparation for a trial. The standard of liberal construction for disclosure which was articulated by the Court of Appeals in Allen v Crowell-Collier Pub. Co. (21 NY2d 403) has been subsequently applied in judicial opinions and commentary to the examination of nonparty witnesses, as authorized by CPLR 3101 (subd [a], par [4]).
This court does not quarrel with the objective advanced by the eminent commentator and authority on civil practice, Professor David D. Siegel, in his practice commentary to CPLR 3101, that any witness (party or nonparty) who holds a key to any substantial fact involved in a case should be subject to oral deposition. (McKinney’s Cons Laws of NY, Book 7B, CPLR 3101, C310L32.) This broad view was expressed as follows by the Appellate Division, Fourth Department: "A mere showing by the lawyer that he needs such witness’s pretrial deposition in order to prepare fully for trial should suffice as a 'special circumstance.’ ” (Kenford Co. v County of Erie, 41 AD2d 586.) The liberal approach to disclosure applicable to nonparties was approved one year later by the Appellate Division, First Department (Villano v Conde Nast Pubs., 46 AD2d 118).
ISSUE
The issue raised by this court on this motion is not to define the scope and extent of the right to depose a nonparty, but rather to clarify the procedure to be utilized pursuant to the CPLR in order to attain such right.
*246 STATUTORY PROVISIONS
The requisite procedure to procure disclosure and/or examination of a nonparty is set forth in CPLR 3101 (subd [a], par [4]), 3106 (subd [b]), and 3107, which in relevant part, read as follows:
CPLR 3101 (subd [a], par [4]) "any person where the court on motion determines that there are adequate special circumstances.”
CPLR 3106 (subd [b]) "Witnesses. Where the person to be examined is not a party or a person who at the time of the taking of the deposition is an officer, director, member or employee of a party, he shall be served with a subpoena. Unless the court orders otherwise> on motion * * * such subpoena shall be served at least ten days before the examination.”
CPLR 3107 "A party desiring to take the deposition of any person upon oral examination shall give to each party ten days’ notice, unless the court orders otherwise.” (Emphasis added.)
This court reads these provisions, and the procedures defined therein, to be cumulative in nature. The plain language of CPLR 3101 (subd [a], par [4]) expressly and clearly requires that a motion be made to determine that there are special circumstances. This requirement for a motion is not specified in the other three provisions of subdivision (a) dealing with parties, or other persons for whom special circumstances need not be shown. To give full effect to this section of the statute, and to implement its full meaning in a context with the other statutory provisions quoted herein, it seems clear that the CPLR requires that a motion be made initially to determine the right to such disclosure based upon the adequacy of special circumstances, and unless a court orders otherwise, that a subpoena must be served upon the party to be examined (CPLR 3106, subd [b]) and then, unless a court orders otherwise, that a 10-day notice to take an oral deposition is to be served upon each party to the action (CPLR 3107). (McKinney’s Cons Laws of NY, Book I, Statutes, §§ 94, 96, 97, 98 [re: statutory construction]).
TREND TO IGNORE STATUTORY MOTION
It appears quite evident that there is a developing tendency in the trial bar to short cut the statutory mandate of the *247 CPLR 3101 (subd [a], par [4]) motion to establish the adequacy of special circumstances, in order to proceed directly and exclusively by subpoena and/or notice to take an oral deposition in seeking to procure disclosure from a nonparty. This trend has been fed by a recognition of the increasing liberality in the judicial definition of adequate special circumstances, and by a concomitant mutual desire of the bench and the bar to reduce procedural motion practice. In this context, and apparently for these general purposes, judicial sanction has been afforded to this pragmatic procedure by the Appellate Division, Second Department (Spector v Antenna & Radome Research Assoc. Corp., 25 AD2d 569, 570), and by Mr. Justice Life of the Supreme court, Nassau County (Bush Homes v Franklin Nat. Bank, 61 Misc 2d 495, 496, 497).
Subsequently thereto, Mr. Justice Fein (presently a member of the Appellate Division, First Department), decided three motions in the Supreme Court, New York County, in which he articulated the statutory necessity created by CPLR 3101 (subd [a], par [4]) to proceed in the first instance by motion. In the first case, he determined the merits of entitlement nevertheless, "in the interest of the economy of judicial time”; in the second, he vacated the subpoena, but granted a cross motion for discovery; and in the third, he vacated the subpoena and notice with leave to proceed in the proper manner by motion. (Granoff v Ayerst Labs., NYLJ, Jan. 29, 1975, p 15, col 8; Simon & Schuster v Atheneum Publishers, NYLJ, May 4, 1976, p 6, col 2; Cole v Grolier, Inc., NYLJ, May 10, 1976, p 6, col 6).
Two of the most authoritative commentaries in this State as to the procedure required to procure discovery pursuant to CPLR article 31 are authored by Professor David D. Siegel. In both his practice commentary to CPLR 3101 and in his new text, New York Practice, Professor Siegel takes note of the pragmatic procedure which has come into increasing use. Although he advocates even greater liberality and broadening of disclosure (for party and nonparty witnesses), the author does not express his own opinion as to whether CPLR 3101 (subd [a], par [4]) does or should mandate a motion prior to the issuance of a subpoena to depose a nonparty witness. The issue is dealt with as follows in section 451 at page 436 in New York Practice: "to depose a nonparty witness, relevancy is not the only showing needed; the additional requirements of paragraphs 3 and 4 of CPLR 3101(a) must be met. Since only *248 the court can ultimately determine whether they have been, the question arises whether the deposing of a witness requires a preliminary order, in which the court makes that determination, or can proceed by mere stipulation or notice. The common practice is for the seeking attorney to proceed in the first instance without an order * * * If objection is made that the additional 'witness’ requirements of CPLR 3101(a) are not met, a protective order can be sought suppressing the examination.”
JUSTICE IS SERVED BY ENFORCING THE MOTION REQUIREMENT
Enforcement of the preliminary motion requirement mandated by CPLR 3101 (subd [a], par [4]) is not, and should not be considered as a curtailment or restriction of the increasing trend towards liberality and expansion of the availability of disclosure. The need to make a prior motion will not be determinative of the question of entitlement to the relief, nor will the necessity therefor deter an appropriate attempt to procure such pretrial disclosure. Neither the convenience of the lawyer seeking to depose a nonparty witness, nor the desire to effect judicial economy and reduce motion calendars, provides sufficient justification to impose initial burdens, hardship and expense upon the nonparty to the action whose oral deposition is sought.
In weighing the relative equities of those involved, it would appear that the "common practice” described by Professor Siegel subordinates the rights of the nonparty to the convenience of the litigants or their attorneys. Under the pragmatic procedure which is attaining broader use, a party seeking to depose a nonparty witness, will arrange to have a subpoena served upon the witness (CPLR 3106, subd [b]) and serve a notice to examine upon the other party or parties in the action (CPLR 3107), and then sit back to await some response from a recipient of either. If an adverse party receiving the notice of deposition questions the right to depose the nonparty witness and/or believes the examination would be prejudicial to a position in the action, or has a special relationship with the witness whose examination is sought, that party may move to quash the subpoena, or seek a protective order (CPLR 3103). A nonparty potential witness whose rights are not being protected by an attorney for an adverse party in the action, after being served with a subpoena to take his oral deposition, has limited options. He may sit back and do *249 nothing — thereby waiving any right to challenge the subpoena, expose himself to contempt proceedings, and also await a motion to compel his compliance therewith, or impose sanctions against him. Alternatively, at some expense and inconvenience, he may engage his own counsel to move to quash, limit, or otherwise protect him from the requirements of the subpoena. If he decides to move against the subpoena by a motion pursuant to CPLR 3103, the nonparty witness (who usually has no financial stake in the litigation) may in most instances be required to speculate as to the reasons that his examination is sought, or as to the availability of appropriate grounds to justify the invalidation of the subpoena. If the party seeking the examination was compelled to initially move for it under CPLR 3101 (subd [a], par [4]) such party would be required to set forth the reasons therefore. The potential witness could then determine whether he should properly be deposed, or oppose the application. The initial burden of setting forth the facts relating to entitlement would then be properly placed upon one claiming the right or need to depose, rather than upon a person who may have no knowledge as to why the examination is sought. This would enable an educated decision by the putative witness in deciding whether to engage counsel and undergo the expense of seeking a protective order for relief against the subpoena. Simple decency demands that to the witness this information be available before the witness has to decide how to respond to the subpoena. The initial burden should more properly be imposed upon a party with a financial stake in the action, seeking to advance his position in the litigation, than upon the noninvolved nonparty who most often has no financial stake in the outcome of the litigation, but may nevertheless be financially or otherwise inconvenienced by the disclosure demand.
ADDITIONAL POTENTIAL ABUSE
The widened use of disclosure in litigation has revealed an area of actual or potential impropriety and abuse which might be eliminated or ameliorated by enforcement of the prior motion requirement of CPLR 3101 (subd [a], par [4]). With increasing frequency, some attorneys may issue or have issued a great number of subpoenas to examine third-party witnesses in a given case. There is a point, unrelated to the merits as to the right to examine a particular witness, at which any court *250 would determine to declare a halt because the cumulative effect thereof is unnecessary, burdensome and oppressive. An opposing party who received a notice to examine as to each such witness, might move for judicial protection. The individual nonparty recipient of such subpoena would in almost all such instances, be unaware of the extent to which the examination of others is sought for the same purpose. Lawyers have sought to examine many users of a product; many witnesses to an event; many passengers in a common conveyance; many customers of an adverse party in an action; or many customers of a defendant in any action brought by a salesman seeking commissions. Irrespective of motive, the potential for abuse is great. A well-intentioned but misguided effort becomes burdensome and oppressive at a point even though such discovery attempt would be proper if within reasonable limits. An unreasonable number of such subpoenas may also be issued to improperly create an atmosphere which would be conducive to unfair compromise or abandonment of a position in litigation in order to avoid disproportionate legal expense, inconvenience and embarrassment to customers or friends, or damage to business or profession which might result therefrom.
The necessity to make prior motion would reveal the scope and extent of such intended discovery, and provide a sure means of judicial monitoring to avoid abuse and injustice to adverse parties and the disinterested objects of such discovery.
On balance it would seem clear to this court that justice would best be served by enforcement of the statutory provision which properly places the onus of demonstrating need and reasonableness upon the party seeking discovery.
The motion to quash the subpoena is therefore granted with leave to apply for an order directing examination in accordance with the provisions of CPLR 3101 (subd [a], par [4]).