■  BONITO MARITIME CORPORATION, Appellant, v ST. PAUL MERCURY INSURANCE COMPANY et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered on September 19, 1978, affirmed. Respondents shall recover of appellant $50 costs and disbursements of this appeal. Concur—Birns, J. P., and Sullivan, JJ.

Fein and Lynch, JJ., concur in the following memorandum by Fein, J.: I concur in result. Special Term properly granted defendant insurer's motion for a protective order quashing the subpoena duces tecum and vacating the notice of deposition served upon the attorney for St. Paul Mercury Insurance Company. The present record is insufficient to find that the examination was sought as to information other than the attorney's work product. Nor has plaintiff made any showing that the attorney acted as investigator or in any manner other than as attorney. However, I believe it appropriate to comment on plaintiff's failure to conform to the procedure with respect to

a nonparty witness prescribed by CPLR 3101 (subd [a], par [4]). Although neither party on the appeal has raised the issue, the statute does not authorize plaintiff's service of a subpoena to depose a witness without first obtaining an order directing the examination. CPLR 3101 (subd [a], par [4]), which regulates the scope and availability of discovery, authorizes disclosure by a nonparty witness only "where the court on motion determines that there are adequate special circumstances." With all due respect to the commentators and the cases cited by them (Siegal, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101, C3101:23; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101:33; *Bush Homes v Franklin Nat. Bank of Long Is.,* 61 Misc 2d 495), I believe the statute requires that an application first be made for leave to conduct discovery of a nonparty witness upon an appropriate showing that "adequate special circumstances" exist. "Unless otherwise provided by the civil practice law and rules" CPLR 3102 (subd [b]) permits disclosure to be obtained by unilateral or joint action of the parties without court intervention. CPLR 3101 (subd [a]) enumerates, in four categories, those from whom disclosure may be obtained. The first three categories are clearly defined in CPLR 3101 (subd [a], pars [1], [2], [3]). No court action is either necessary or prescribed because the statute defines the persons or circumstances warranting disclosure. Only with respect to the fourth category is there no definition, but rather the provision permitting examination of "Any person where the court on motion determines that there are adequate special circumstances." (CPLR 3101, subd [a], par [4].) The direction that the determination of "adequate special circumstances" be made by "the court on motion" seems plainly to intend a prior application. The cited commentators concede that the burden is on the proposed examiner to establish the "special circumstances." This is what the statute intends. That the requisite showing of "adequate special circumstances" has been substantially minimized by judicial decision does not warrant a departure from the prescribed procedure. To the extent that *Spector v Antenna & Radome Research Assoc. Corp.* (25 AD2d 569) and *Bush Homes v Franklin Nat. Bank of Long Is.* (61 Misc 2d 495, *supra)* are to the contrary, I respectfully disagree. As acknowledged in those cases, the effect of proceeding by subpoena only is to shift to the nonparty witness the burden of moving to quash, on the surface at least imposing upon such witness the requirement of showing sufficient ground to vacate the subpoena. Such procedure imposes an unwarranted burden on the nonparty witness as demonstrated in a recent thorough and careful Special Term opinion. *(Kurzman v Burger,* 98 Misc 2d 244.) CPLR 3106 (subd [b]) is not inconsistent with the statutory provision. The rule merely directs the service of a subpoena upon a person to be examined as a nonparty witness. It does not purport to diminish or otherwise affect the party's obligation of first moving for an order pursuant to CPLR 3101 (subd [a], par [4]). The two provisions may properly be construed as requiring that a party seeking to conduct pretrial discovery with respect to a nonparty witness first make requisite application for leave pursuant to CPLR 3101 (subd [a], par [4]), and thereafter serve upon the witness a subpoena in accordance with CPLR 3106 (subd [b]) together with the court order authorizing the examination.