■ MARY PLUMMER, Respondent, v R. H. MACY & Co., INC., Respondent, and JOSEPH SINGER et al., Appellants.—Order, Supreme Court, New York County, entered August 1, 1978, denying appellant witnesses' motion for a protective order and finding them in contempt and punishing them therefor, is reversed, on the law and the facts, and in the exercise of discretion, without costs, and the motion to punish for contempt is denied. While the physician witness should have obeyed the court order by appearing for examination on June 12, 1978, there are various circumstances which militate against the willfulness of the disobedience. The physician witness was scheduled to leave the country on June 14 and his attorney wrote to plaintiff's attorney to that effect, suggesting that if the witness' appearance was necessary the examination be rescheduled for July 11. For some reason, this was not done. More importantly, there is involved in this case the shadowy borderline between the duty of any fact witness to give his testimony, and the privilege of an expert witness not to be compelled to give his opinion testimony. The rule in New York State is that a witness cannot be compelled to give his opinion as an expert against his will. *(People ex rel. Kraushaar Bros. & Co. v Thorpe,* 296 NY 223.) Thus, when plaintiff requested a medical report from the physician, the physician was probably within his legal rights in refusing to do so unless he was paid. Plaintiff was unwilling or unable to pay, and plaintiff's attorney made it clear that if the physician did not give a report, he would be compelled to give his deposition; and these proceedings followed. We see no reason why a physician should be exempt from the duty of all citizens to give testimony as to facts. But this obligation should not be used as a means of coercing an expert witness to comply gratis with requests for reports or testimony of a kind which he is not required to give against his will. The parties are obviously in dispute as to whether that is what the plaintiff was trying to do. But it was not made clear to the witness that no opinion testimony was being sought from him, either by deposition or by report; nor, indeed, is it clear to us that that is all the plaintiff wants. Further, once we get beyond number of visits, fees paid, etc., the line between a physician's opinion testimony and fact testimony becomes very hard to draw. And it is not clear either that the witness' purely fact testimony is required or useful, or whether the witness would refuse to give a report limited to purely fact matters. Further, plaintiff's attorney sent the witness a published statement of the

New York State Trial Lawyers' Association "which amply describes your obligation under the circumstances"; but that statement clearly provided that "Reasonable fees may be charged". (Neither side makes any point of the reasonableness or unreasonableness of the physician's proposed fee.) Justice Shainswit indicated that "a motion for a protective order [addressed to the original subpoena] might have met with favor." There are some other minor technical difficulties, e.g., the failure to pay the full witness fee in advance. (Cf. CPLR 2303, 8001, subd [b].) Because of these uncertainties, we are not ordering the witness to appear for examination. We think it better that the parties reconsider their positions and make appropriate applications in the light, if any, of this memorandum and of Justice Shainswit's suggestion for a preliminary interview. The useless expense that the two parties have had in this proceeding should surely indicate the superiority of mutual accommodation over stubborn insistence on technical legal rights. Concur—Kupferman, J. P., Markewich, Silverman and Yesawich, JJ.

Fein, J., concurs in a memorandum as follows: I concur in result. However I would add the following: The only basis on which plaintiff would be entitled to examine the physician nonparty witness would be pursuant to CPLR 3101 (subd [a], par [4]), which authorizes disclosure by a nonparty witness only "where the court on motion determines that there are adequate special circumstances." As I have previously noted, in my view the statute does not authorize plaintiff's service of a subpoena to depose a witness without first obtaining an order directing the examination. (Bonito Mar. Corp. v St. Paul Mercury Ins. Co., 68 AD2d 864). This case clearly demonstrates the need for obtaining an order first, as required by the statute. The doctor had furnished the attorney with a report. Although that report was perfunctory, it was a response. The plaintiff's attorney's position was that he was entitled to a more detailed report without payment of the fee demanded by the doctor. In the face of this impasse and without any showing that there were adequate special circumstances, plaintiff's attorney served the subpoena to examine the doctor and his corporation as third-party witnesses. I note that the fee paid at the time of service amounted to one subpoena fee although the subpoena directed the attendance of the doctor and the corporation. There followed the events described in the court's memorandum. The requisite application on notice demonstrating special circumstances under CPLR 3101 (subd [a], par [4]) would have avoided the procedural quagmire. Plaintiff should be required to make such an application on a proper showing, not yet made.