■ JACK E. POST et al., Respondents, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, et al., Appellants.—Order, Supreme Court, New York County, entered June 5, 1980, granting plaintiffs' motion to quash notices to take depositions of nonparty witnesses and subpoenaes duces tecum, and further denying defendant's cross motion for leave to subpoena and depose nonparty witnesses, modified, on the law, the facts, and in the exercise of discretion to grant the cross motion for leave to subpoena and depose the nonparty witnesses, and otherwise affirmed, without costs. Settle order on notice. Appeal from order of August 28, 1980, denying motion for reargument dismissed as nonappealable. In this action by former employees to recover pension benefits under defendant's employee pension plan, defendant appeals from an order at Special Term granting plaintiffs' motion to quash notices to depose nonparty witnesses and subpoenaes duces tecum and also denying defendant's cross motion for leave to subpoena and depose said nonparty witnesses. We agree with Special Term that it was procedurally incorrect to seek discovery from nonparty witnesses without first securing a court order. When considered together, CPLR 3101 (subd [a], par [4]) and 3120 (subd [b]) unmistakably permit disclosure from nonparty witnesses only where the court on motion determines that there are adequate special circumstances, and embodies that determination in an order. (See *Bonito Mar. Corp. v St. Paul Mercury Ins. Co.*, 68 AD2d 864 [concurring opn by Fein, J.].) However, defendant's cross motion, responding to plaintiffs' motion to quash was procedurally appropriate and entitled defendant to a determination on the merits. We are satisfied that the documents sought are material to an issue in the case and that the record discloses adequate special circumstances for granting the requested discovery. Concur—Sandler and Lynch, JJ.

Kupferman, J. P., and Lupiano, J., concur in a memorandum by Lupiano, J., as follows: I concur in the result herein, but disagree in the majority dictum that it was procedurally incorrect for defendants to serve notice to take deposition, with subpoena annexed, on the two nonparty witnesses without first obtaining a court order. I am in full accord with the well-reasoned and commonsense view respecting CPLR 3101 of Professor Siegel set forth in Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR 3101, C3101:23, p 27; see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101:33; *Spector v Antenna & Radome Research Assoc. Corp.*, 25 AD2d 569; *Bush Homes v Franklin Nat. Bank of Long Is.*, 61 Misc 2d 495). The statute (CPLR 3101) does not prevent a nonparty witness giving a voluntary statement, or even a voluntary formal deposition. It does not particularize the nature of the "motion" in which the issue of adequate special circumstances be determined, i.e., whether by initial motion by a party seeking disclosure from a nonparty witness or on a motion by a party or nonparty witness seeking to quash the notice and subpoena seeking such disclosure from a nonparty witness. This policy of liberal interpretation respecting the goal to be obtained by CPLR 3101 (subd [a], par [4]) and the interest of the economy of judicial time appear to me to be of sufficient magnitude to permit utilization of both approaches. Of course, the above observations do not reflect upon or alter the burden of proof with regard to the issue of special circumstances under CPLR 3101 (subd [a], par [4]). Settle order.