■ In the Matter of the Estate of ETHEL B. ATKINSON, Deceased. FIRST NATIONAL BANK OF CORTLAND et al., as Coexecutors of the Estate of ETHEL B. ATKINSON, Deceased, Respondents; YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF CORTLAND, NEW YORK, INC., Appellant. — Appeal from an order of the Surrogate's Court of Cortland County (Kepner, Jr., S.), entered November 28, 1983, which granted a motion to quash a subpoena. ¶ New York follows the rule that a witness cannot be compelled to give his opinion as an expert against his will (*People ex rel. Kraushaar Bros. & Co. v Thorpe,* 296 NY 223), but the line between an expert's opinion testimony and fact testimony can be difficult to draw (*Plummer v Macy & Co.,* 69 AD2d 765). A distinction has been recognized between an expert's testimony concerning custom and usage of the trade in general and his testimony concerning the incident at issue in particular (*Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140). While the latter often falls within the realm of opinion evidence, the former has been characterized as evidence to be considered "in connection with all the *other facts*" (*Shannahan v Empire Eng. Corp.,* 204 NY 543, 550 [emphasis added]; see, also, Uniform Commercial Code, § 1-205, subd [2] ["The existence and scope of * * * usage (of trade) are to be proved as facts"]; *Frye v State of New York,* 192 Misc 260, 265 ["Usage is a matter of fact, not of opinion"]). Accordingly, the Surrogate acted precipitately in quashing the subpoena, for until the witness appears and the questions are posed, it cannot be determined whether only his opinion as an expert is being sought. ¶ Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.