Angelos Slabakis, Respondent, v Shalom Drizin et al., Appellants, and Berley & Co., Inc., Respondent.

First Department, February 19, 1985

**APPEARANCES OF COUNSEL**

*Jacob F. Suslovich* for appellants.

*Lionel Barasch* of counsel (*Clarence S. Barasch,* attorney), for respondent.

**OPINION OF THE COURT**

Kassal, J.

Defendants appeal from an order which denied their motion for permission to depose a nonparty witness pursuant to then CPLR 3101 (a) (4), on a finding that "adequate special circumstances" had not been shown sufficient to warrant the examination.

The action by plaintiff, a real estate broker, was to recover a brokerage commission, plaintiff alleging that the individual defendants had retained him to obtain a purchaser for certain property located at 291 Broadway, New York, New York. He claims that he procured a purchaser who was ready, willing and able to purchase at the stated price and, therefore, is entitled to a commission.

Defendants moved pursuant to CPLR 3101 (a) (4), for permission to examine Bernard Tannenbaum as a nonparty witness. Tannenbaum had acted as attorney for the proposed purchaser. Prior to the motion, they attempted to secure a voluntary statement from Tannenbaum, who refused. In moving for relief, it was alleged that Tannenbaum, as counsel, would possess material and relevant information as to whether the prospective purchaser was, in fact, ready, willing and able to purchase and the reason the transaction was never consummated, which would have a bearing upon plaintiff's entitlement to a brokerage fee.

Special Term denied leave to conduct the examination, relegating defendants to the service of interrogatories. This was error. The moving papers alleged that Tannenbaum had knowledge as to the factual issues concerning the ability and willingness of his client to purchase the property at the stated price, information which was necessary to defendants' preparation for trial. This was a sufficient showing of "special circumstances" under the then statute. The provisions of CPLR 3101 (a) (4), applicable at the time, authorized disclosure of material and necessary evidence from nonparty witnesses "where the court on motion determines that there are adequate special circumstances." The cases have interpreted the statutory requirement most liberally to give effect to the strong policy favoring full disclosure to adequately prepare for trial. Thus, in *Villano v Conde Nast Pub.* (46 AD2d 118, 120) we observed: "Patently, 'knowledge exclusively possessed by prospective witnesses, touching liability and damages, combined with their refusal to speak except by force of subpoena, establishes the special circumstances required for a disclosure pursuant to CPLR 3101' (*Sherwood* v. *Lilly and Co.,* 36 AD 2d 533 [2d Dept., 1971])."

In *Villano (supra)*, we cited with approval the holding by the Appellate Division, Fourth Department, in *Kenford Co. v County of Erie* (41 AD2d 586) that disclosure by a nonparty witness should be as broad under State practice as in the Federal courts and that the showing needed under CPLR 3101 (a) (4) "is truly a nominal one" (46 AD2d, at p 120). It was held in

*Kenford:* "A mere showing by the lawyer that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a 'special circumstance'" (41 AD2d 586; *see also, Villano v Conde Nast Pub.,* 46 AD2d, at p 120; *Kelly v Shafiroff,* 80 AD2d 601, 602; *Matter of Catskill Center for Conservation & Dev. v Voss,* 70 AD2d 753, 754; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22, pp 12, 23, 1984-1985 Pocket Part). Professor Siegel commented favorably with respect to the liberalization of the rule in NY Prac § 345, at 424, as follows: "An even more generous view, one which will hopefully prevail statewide, is that not even a showing of hostility is needed to meet the special circumstance requirement of paragraph 4; that it suffices to show merely that the seeker needs such witness's deposition in order to prepare for the trial. If the witness has some light to shed on the case, the lawyer should be able to convince the court of that need and paragraph 4 should become an abandoned battleground. The trend is clearly in that direction."

We also reject the argument by respondents that there was some impropriety in the perfection of the appeal in that Tannenbaum was not made a party respondent. While he was interested in the issue, he did not appear at Special Term, submitted no papers, nor did he seek to intervene although there was appropriate notice to him. The record reflects that the motion was served upon him and, according to appellants, before making the motion, he was contacted and he refused to make a voluntary statement as to his knowledge of the issues in the underlying transaction. Had he agreed to furnish such a statement, nonetheless, it has been recognized that "[a] statement by a witness is by no means as functional as a formal deposition, and even the tendering of a voluntary statement by such a witness may not immunize the witness from a charge of hostility." (*Kelly v Shafiroff,* 80 AD2d, at p 602; *see also, Kenford Co. v County of Erie, supra.*)

We also note that defendants adhered to what had been the approved practice in this department, by initially moving for a court order for leave to subpoena and depose the nonparty witness upon a showing that there were "adequate special circumstances" (CPLR 3101 [a] [4]) before serving a subpoena and notice of examination. This procedure placed the initial burden upon a party to the litigation to demonstrate his entitlement to such discovery, rather than upon the nonparty witness, who would otherwise be compelled to undergo the expense and inconvenience of engaging counsel to move to quash, limit or

protect him from the requirements of any subpoena (*see, Post v Merrill Lynch, Pierce, Fenner & Smith,* 79 AD2d 558; *Bonito Mar. Corp. v St. Paul Mercury Ins. Co.,* 68 AD2d 864, Fein and Lynch, JJ., concurring; *Kurzman v Burger,* 98 Misc 2d 244).

■ The application here was prior to the effective date of the 1984 amendment to CPLR 3101 (a) (4) (L 1984, ch 294, § 2, eff Sept. 1, 1984), deleting the requirement for a court order to take the deposition of a nonparty witness, permitting such discovery "upon notice stating the circumstances or reasons such disclosure is sought or required." One commentator has expressed the view that the amendment should be liberally construed so as to apply the pre-1984 requisites for "special circumstances" to the current "circumstances and reasons" requirement of the new statute (Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:23, p 3, 1984-1985 Pocket Part). If we were to apply the amended statute here, we perceive no legislative intent to depart from the liberal interpretation heretofore accorded to the "special circumstances" standard in the former legislation. We find that the record adequately demonstrates a legitimate basis for the requested examination. The attorney states that Tannenbaum's pretrial deposition is needed to prepare for trial and the witness has knowledge of the factual issues as to the ability and willingness of his client to purchase the property at the stated price. This is relevant to the underlying issue, whether plaintiff secured a ready, willing and able purchaser. It is sufficient to support the requested disclosure.

Accordingly, the order, Supreme Court, New York County (Leonard Cohen, J.), entered May 23, 1984, denying defendants' motion to depose Bernard Tannenbaum as a nonparty witness, should be reversed, on the law, the facts and in the exercise of discretion, with costs and disbursements, the motion granted, permitting defendants to examine Tannenbaum as a nonparty witness upon service of the order to be entered on the appeal, together with a notice of deposition and subpoena served in accordance with appropriate procedure provided for in CPLR article 31.

SULLIVAN, J. P., ASCH and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on May 23, 1984, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion granted, permitting defendants-appellants to examine Tannenbaum as a nonparty wit-

ness on the terms and conditions contained in the order of this court. Appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal.