*262 OPINION OF THE COURT
Nicholas A. Clemente, J.
The Appellate Division, in a decision on this action dated November 12, 1985, affirmed an order (Bernstein, J.) denying a motion to change venue to Suffolk County (114 AD2d 877). The basis of the motion to change venue was convenience of material witnesses and that the ends of justice would be promoted by the change. While the Appellate Division affirmed the denial, it, nevertheless, granted the movants leave to renew the motion. The Appellate Division’s memorandum appears to contemplate that renewal would be based on testimony elicited from the witnesses at examination before trial.
Defendants Roth, Sauter, Biasetti, Riggio, Lunati, Mendelsohn, Greenwood and Zippin now move for an order granting them leave pursuant to CPLR 3101 to conduct nonparty examinations before trial pursuant to the order of the Appellate Division. They also seek a protective order (a) providing that the proposed examinations before trial may be used in connection with a change of venue motion and not as substantive evidence at trial, and (b) directing all parties not to discuss the substance of the testimony of the proposed witnesses with those witnesses.
In support of the protective order, the movants contend that if the nonparty examinations before trial can be used as substantive evidence, then plaintiff will argue on a subsequent motion to change venue that there is no need to change venue to Suffolk County since the examination before trial testimony can be read at a trial in Kings County. Movants having anticipated an argument that may be made on a future motion maintain that the result could be their being deprived of the basic right to call live witnesses at trial. As to the request that all parties be directed not to discuss with proposed witnesses the substance of their testimony, the movants acknowledge that they cannot conduct unilateral interviews of the subject witnesses. They claim, however, that plaintiff should be barred from such interviews, too, because it would be unjust for the defendants to go through the effort of conducting examinations before trial of the nonparty physicians if plaintiff’s attorneys had previously interviewed and prepared them for their depositions.
Plaintiff, in opposing the motion, asserts that it should be denied because the action is already on the calendar and that certainly if the examinations before trial are permitted, no unusual constraints should be placed upon the parties.
*263 Thus, two questions are presented. One is whether an order providing for nonparty depositions should be granted while the second is whether the protective relief sought by movants is warranted. In my view, both questions should be answered negatively.
Prior to September 1, 1984, CPLR 3101 (a) (4) provided:
"(a) Generally. There should be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: * * *
"(4) any person where the court on motion determines that there are adequate special circumstances.”
Under this provision, there was a dispute between the judicial departments of this State as to whether a court order had to be secured in advance of taking a nonparty witness’ deposition. The First Department was of the view that such an order was necessary while the Second Department adhered to the view that a subpoena may be used in the first instance (Siegel, 1984 & 1981 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:23, 1986 Cum Ann Pocket Part, at pp 10,15).
Effective September 1,1984, however, CPLR 3101 (a) (4) was amended to provide:
"(a) Generally. There should be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: * * *
"(4) any other person, upon notice stating the circumstances or reasons such disclosure is sought or required.” (L 1984, ch 294.)
The effect of this amendment was to unequivocally eliminate, even in the First Department, the need to obtain a court order prior to deposing a nonparty witness (Slabakis v Drizin, 107 AD2d 45; Siegel, 1985 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:23, 1986 Cum Ann Pocket Part, at p 3; but see, Mulvihill v Mutual Benefit Life Ins. Co., 112 AD2d 762).
Thus, the CPLR no longer provides a procedure for a litigant to seek an order permitting examinations before trial of nonparty witnesses. A litigant need merely serve a notice as contemplated by CPLR 3101 (a) (4). Accordingly, I conclude that there is no basis upon which to grant the motion insofar as it seeks leave to depose nonparty witnesses. A further factor supporting denial of this aspect of the motion is the *264 failure by movants to identify in their instant papers the nonparty witnesses they desire to depose.
In regard to the second aspect of the motion, for a protective order, denial is also warranted. The movants have failed to show that there is any reason to preclude plaintiff from speaking to the treating physicians of her decedent. Nor is there any reason to prospectively proscribe the use which may be made of the depositions of the nonparty witnesses because of speculation as to arguments which plaintiff may make if the movants renew their motion to change venue.