■ Jamaica Public Service Co. Ltd., Appellant-Respondent, v La Interamericana Compania De Seguros

GENERALES S. A., Respondent-Appellant, et al., Defendants (And Other Actions.) [715 NYS2d 3] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 1, 2000, which, in an action for breach of a property insurance policy, *inter alia*, granted defendant insurer's motion for a protective order and for disqualification of plaintiff's attorneys, and denied plaintiff's motion for partial summary judgment as to the cause of the loss and for leave to amend the complaint so as to include causes of action for fraudulent omission and constructive fraud, unanimously affirmed, without costs.

The present record does not support an estoppel against defendant's asserting that the loss was caused by a fuel explosion subject to the all-risks section of the subject policy, contrary to defendant's original position that the loss was caused by rear wall tube fractures subject to the larger boiler coverage section of the policy. If plaintiff chose not to continue its own investigation of the loss because it believed that defendant's agreement to test the tubes and provide the results thereof constituted a guarantee that the boiler coverage would apply, an issue of fact exists as to whether such belief was reasonable, raised by defendant's prior determination that the boiler coverage did not apply and the conclusion of plaintiff's own expert, who had unfettered access to the boiler and tubes in performing its investigation, that the cause of loss was an unconsumed fuel explosion. The same issue of fact warrants the proposed amendment of the complaint so as to assert claims of fraudulent concealment and constructive fraud. To the extent that defendant claims that it lacked the superior knowledge necessary to support the proposed causes of action, such claim, in effect, is akin to the denial of justifiable reliance defendant makes in connection with plaintiff's estoppel claim, and presents the same issues of fact. The protective order exempting the opinions and conclusion of defendant's expert from disclosure was properly granted upon the basis of defendant's representation that it will not be calling such expert at trial (*see, Plummer v Macy & Co.*, 69 AD2d 765). The motion court also properly disqualified plaintiff's attorneys since the new allegations of fraud present a clear instance of dual representation (*see, Greene v Greene*, 47 NY2d 447, 451-452). The attorneys cannot, through their nominal representation of plaintiff, represent the interest of the all-risks insurers, including defendant, in shifting the loss to the boiler insurers, and simultaneously advocate that defendant, as both an all-risks and boiler insurer, fraudulently represented that the loss was covered by the all-risks section of the policy. We have considered plaintiff's other arguments and find them unavailing.

Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.