Victor L. Anfuso, J.
Defendants in this action for slander move to dismiss the complaint on the ground that it fails to state a cause of action. The allegedly slanderous utterance is claimed to have been made by the defendant Alfred Rathheim, an attorney, while acting as a partner, associate or employee of the defendant law firm representing the defendant Federation Bank and Trust Company (hereinafter referred to as the bank).
The complaint alleges that the plaintiff is a duly ordained rabbi of the Orthodox Jewish faith; that an action for malicious prosecution had previously been instituted by the bank against plaintiff and certain other persons; that during the pendency of that action, the bank by an officer thereof, one Hugh Malloy, wns examined before trial; that the examination was conducted by the instant plaintiff’s son, with the defendant Alfred Rathheim acting on behalf of the bank; that as the instant plaintiff *772 and the attorneys for the respective parties, together with the witness Malloy and the court stenographer, left the examination room to obtain a ruling from the Justice presiding at Special Term, Part II, as to certain disrupted questions arising on the examination, the defendant Alfred Rathheim said of and concerning the plaintiff, in the presence and hearing of plaintiff’s son “ and others “ He is a no good bastard and that this statement was false and was maliciously uttered.
The complaint contains no allegation of special damages and hence is legally insufficient unless the allegedly defamatory statement is slanderous per se (Gurtler v. Union Parts Mfg. Co., 1 N Y 2d 5; Jordan v. Lewis, 20 A D 2d 773).
The defendants contend that the words in question are not slanderous on their face and they cite a number of cases to sustain this view. (See, e.g., Bolton v. Strawbridge, 156 N. Y. S. 2d 722; Notarmuzzi v. Shevack, 108 N. Y. S. 2d 172, 176.) The plaintiff seeks to distinguish these cases by contending that the determination of what is slanderous as regards clergymen is measured by standards different from those that are applied in the case of one who is not a clergyman. However, it still appears that a charge against a clergyman, to be actionable by reason of his occupation, must be such as, if true, would tend to prove him to be unfit to continue his calling (see Nichols v. Item Publishers, 309 N. Y. 596, 602).
Plaintiff fails to plead any innuendo, that is to say, the claimed meaning of the words here involved. It appears, however, to be the plaintiff’s claim, as set forth in his memorandum submitted in opposition to the instant motion, that the allegedly defamatory words may be construed as either impugning the legitimacy of his birth or as charging him with being an immoral, disgraceful or bad person. The allegations of the complaint do not show in what context the allegedly slanderous language was employed and hence the question to be determined on this motion is whether such language, standing alone, is reasonably capable of a defamatory meaning (Greyhound Securities v. Greyhound Corp., 11 A D 2d 390, 392). In the court’s opinion the language in question, regardless of the status or position of the person of whom it is spoken, constitutes a mode of expression which, although abusive and offensive, is not commonly intended or understood in its literal sense as alleging illegitimacy as a fact or as imputing immoral, disgraceful or evil qualities, in the absence of words or circumstances indicating that such is the meaning to be ascribed to it or that it is intended to be so understood. As hereinabove indicated, no such extrinsic facts or circumstances are alleged in the instant pleading.
*773 Moreover, if, as plaintiff contends, a statement impugning the legitimacy of his birth would constitute, under the tenets of his faith, such an assault on his reputation and standing in the Orthodox Jewish community as would call into question his fitness to act as a spiritual leader thereof, such facts should be pleaded as special damages (cf. Gurtler v. Union Parts Mfg. Co., supra).
Accordingly, the motion to dismiss the complaint for insufficiency is granted Avith leave to plaintiff to plead over, as he may be advised. Any such amended complaint, is to be served within 10 days after service of a copy of the order to be entered hereon, with notice of entry. In vieAV of this disposition, it is unnecessary to consider the contention advanced on behalf of the defendant bank and the defendant laAv firm that under the allegations of the complaint they may not properly be included as defendants. The determination of any such question may be raised upon the service of the amended pleading permitted herein.