## (January 18, 1973)

KENFORD COMPANY, INC. et al., Appellants, v. COUNTY OF ERIE et al., Respondents. (Appeal No. 1.) — Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to appellants. Memorandum: To assist them in preparation of their answer in this action respondents moved to take the deposition of three nonparty witnesses. Appellants stipulated that the deposition of one of such witnesses could be taken but objected to the taking of depositions of the other two witnesses; and they appeal from the order granting the right to depose the latter. We agree with Special Term that a liberal construction should be accorded to the statutory discovery provisions (CPLR 3101, subd. [a]). The Court of Appeals has strongly indorsed this view (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406). Although it has often been held that the deposition of a nonparty witness may not be had without a showing of special circumstances, such as "hostility" (see McDonald v. Gore Mt. Ski Lift Corp., 30 A D 2d 931), there is a tendency by the courts to adopt a more liberal view (see Sobel v. Bess, 39 A D 2d 778; Polisar v. Linz, 39 A D 2d 544). In his practice commentary (McKinney's Cons. Laws of N. Y., Book 7B CPLR 3101, C3101:22) Prof. David D. Siegel has written, "before seeking the deposition of such witness, the party might approach him for a voluntary statement. If the statement is given, the party may find it sufficient for his purpose. But a statement is by no means as functional as a formal deposition, see CPLR 3117, and even the tendering of a voluntary statement by such witness may not immunize him from a charge of hostility", and further, "Granted, that if the issue comes into court the seeking party must satisfy either paragraph (3) or (4) of CPLR 3101 (a). But it must be recognized that paragraph (4), in stipulating a 'special circumstance' as adequate ground for such disclosure, leaves the matter in the court's hands. It thus becomes entirely a matter of construction", and finally, "It is submitted that disclosure against a nonparty witness should be just as broad in the state practice as it is in the federal. The only barrier is CPLR 3101 (a) (4), and that is truly a nominal one. Even hostility of such a witness should not be a necessary showing. A mere showing by the lawyer that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a 'special circumstance.'" We favor this liberal construction of CPLR 3101 (subd. [a], par. [4]). Respondents assert that they contemplate interposing affirmative defenses of fraud and misrepresentation inducing them to enter into the contract, and they wish to examine witnesses Claude Schuchter and James Greer to aid in preparing these defenses. They do not show that they have sought to secure voluntary statements from either of these witnesses or that either has exhibited hostility to them or an unwillingness to speak with them freely and openly concerning his knowledge of the pertinent events and facts. As to Mr. Schuchter, respondents aver, however, that he is president of a bank in Erie County and that during the period leading up to the execution

of the contract he took a very active part in support of the project, eliciting public support therefor and communicating with the Legislators and the County Executive, urging execution of the contract; and that he has been a leading exponent of the project. Under a liberal construction of CPLR 3101 we find that respondents' moving papers show sufficient special circumstances to justify the examination of Mr. Schuchter as a witness. However, with respect to witness Greer, the moving papers show that all of his activities concerning which respondents seek to examine him occurred after the execution of the contract on August 8, 1969. They could not, therefore, have constituted fraudulent inducement of the contract or have been part of a conspiracy to deceive respondents in respect of the execution thereof. The order should, therefore, be modified to delete the name of James Greer. (Appeal from order of Erie Special Term granting motion to take depositions.) Present — Del Vecchio, J. P., Marsh, Witmer and Cardamone, JJ.