LORETTE SILVERMAN, Respondent, v JOHN P. HUNSICKER, Defendant, and PETER ENIG, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant Peter Enig appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated May 13, 1974 as, upon reargument, adhered to a prior determination which denied his motion to examine a nonresident physician in Washington, D. C. on oral questions. Order reversed insofar as appealed from, without costs, and motion granted, upon condition that appellant pay the sum of $350 as and for plaintiff's counsel fees and disbursements, in attending the examination, which is to be concluded in one day. This action arises out of an automobile accident which occurred on November 10, 1969. Two years after the accident plaintiff was examined by a physician in Washington, D. C. His report, supplied to appellant after a note of issue and statement of readiness were filed, indicates that plaintiff failed to mention the accident. She denied knowing of any prior injury. Appellant subsequently made the motion under review, contending that this circumstance fell within the exception provided in section 675.7 of the rules of this court (22 NYCRR 675.7). Under the facts here it was an improvident exercise of discretion for the trial court to deny the motion. The physician is beyond the subpoena power of the New York courts. His testimony may be crucial on the issue of whether plaintiff's injuries were the result of the accident. Plaintiff has failed to show that any prejudice will inure as a result of the examination. Accordingly, appellant's motion should have been granted, but upon the terms indicated herein. Gulotta, P. J., Rabin, Hopkins, Munder and Shapiro, JJ., concur.