■ VIVIDIZE, INC., Appellant, v MODERN LITHO, INC., et al., Respondents. —In an action, *inter alia,* to recover damages resulting from unfair trade practices, plaintiff appeals from an order of the Supreme Court, Suffolk County, entered December 27, 1976, which denied its motion to compel further answers, under oath, to its interrogatories by each of the defendants. Order reversed, with $50 costs and disbursements, and action remitted to Special Term for a hearing and a new determination in accordance herewith. Plaintiff-appellant served interrogatories upon defendants-respondents, who supplied vague and unresponsive answers. Plaintiff then moved, pursuant to CPLR 3124 and 3134 (subd [a]), to compel more complete answers thereto by each of the defendants under oath. Special Term denied the motion on the grounds that: (1) if defendants lacked the necessary information, they could not be compelled to answer; (2) certain questions were overbroad; and (3) the interrogatories should have been addressed to a limited period of time. The parties' motion papers raise a question of fact as to whether defendants lack the information needed to frame proper responses to all of the questions. Special Term should conduct a hearing on this issue. Special Term's limitation of the discoverable issues, and its objection to the broadness of the inquiry, was improper, since defendants never moved for a protective order pursuant to CPLR 3103 (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3124:2, p 627; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3124.05). Each defendant should answer all of the interrogatories under oath unless he lacks personal knowledge necessary to frame a response. If personal knowledge is lacking on the part of one or more of the defendants, he should delegate the duty of responding under oath to a person who possesses personal knowledge, if any, or adopt the response of another defendant who possesses personal knowledge (see *Lubell v Work Wear Corp.,* 82 Misc 2d 1000, affd 86 Misc 2d 1001). Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.