■ In the Matter of CATSKILL CENTER FOR CONSERVATION AND DEVELOPMENT, INC., Petitioner, v ALBERT M. VOSS, as Assessor of the Town of Hardenburgh, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered October 26, 1978 in Ulster County, which denied petitioner's motion for a protective order, and granted respondents' cross motion for an order directing the taking of a deposition upon oral examination of a witness, and his production of certain documents. Petitioner is the owner of a tract of land in the Town of Hardenburgh, County of Ulster, which it acquired from the former Balsam Lake Club. Other portions of the tract formerly owned by the Balsam Lake Club were acquired by the Balsam Lake Anglers Club, Alexander B. Johnson and James C. Dudley. In June, 1976, petitioner applied for a real property tax exemption pursuant to section 421 of the Real Property Tax Law, stating in its application that it was a corporation organized solely and exclusively for charitable, educational, and moral and mental improvement purposes, and that its real property was used exclusively for carrying out such purposes. This application was denied by the town assessor and the board of review. Petitioner commenced this proceeding pursuant to CPLR article 78 and article 7 of the Real Property Tax Law to review the denial of its application for an exemption. Respondents moved for summary judgment dismissing the petition. An order denying the motion was entered on May 25, 1977. On appeal, this court affirmed the order denying the motion for summary judgment stating: "Special Term held that the certificate standing alone may not be conclusive as to whether the real property in question met the requirements of the statute, and that whether petitioner is so organized and conducted, and whether the real property is so used are questions to be determined at trial. We agree." *(Matter of Catskill Center for Conservation & Dev. v Voss,* 63 AD2d 1091, 1092). While the appeal was pending, the respondents served a notice to take a deposition upon oral examination of James C. Dudley as a witness, and for his production of certain documents. On June 26, 1978, petitioner moved for a protective order vacating the notice to take the deposition and the notice to produce the documents. Respondents cross-moved for an order directing the taking of the deposition of James C. Dudley as a witness, and for the production of documents pursuant to the judicial subpoena duces tecum dated June 16, 1978. Special Term denied the motion for a protective order, and granted respondents' cross motion. Petitioner asserts that the information sought by respondents is neither material nor necessary to a disposition of the issues in this proceeding and that respondents have failed to demonstrate the existence of special circumstances necessary to subject a nonparty witness to the disclosure processes as required by CPLR 3101 (subd [a], par [4]). Respondents' moving affidavit states that on October 19, 1977, James C. Dudley wrote a letter to John H. Wilkinson, Esq., a legal advisor to petitioner, wherein,

among other things, he detailed an agreement between the Balsam Lake Club and petitioner, at the time of the conveyance to petitioner, whereby it was agreed that petitioner would permit the land uses by the Balsam Lake Anglers Club which the Balsam Lake Club had previously enjoyed. These uses consisted of the use of existing sewer fields and garbage disposal facilities; obtaining timber for repairs, maintenance, minor construction and firewood requirements; use of existing garden and pasture areas for raising crops and animals; use of existing water supplies, and rights to transport water and power existing facilities; access to its retained lands and rights to tap sugar maple trees and do a reasonable amount of sugaring in the spring. The letter clearly indicates that Dudley possesses knowledge relevant and material to the issues as framed by this court for trial. Petitioner's contention that Dudley does not possess any knowledge that could bear on the issues is not convincing. The fact that the deed to petitioner does not contain any reservation of rights does not dispose of the issue of the actual use of the property. That deed, also, does not preclude the existence of other documents establishing rights between the parties. As for the requirement, pursuant to CPLR 3101 (subd [a], par [4]) of special circumstances necessary to permit disclosure of a nonparty witness, the mere showing by respondents' attorney "that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a 'special circumstance'". (Kenford Co. v County of Erie, 41 AD2d 586; see, also, Villano v Conde Nast Pub., 46 AD2d 118, 120.) Such need is adequately demonstrated in the moving affidavit. The order of Special Term should, therefore, be affirmed. Order affirmed, with costs to respondents. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.