■ ELECTORQUE ASSOCIATES, INC., Respondent, v ARVERNE HOUSES, INC., et al., Appellants.—In an action to foreclose a mechanic's lien, defendants appeal from (1) so much of an order of the Supreme Court, Queens County, dated February 16, 1979, as denied their motion to require plaintiff to post a surety bond as a condition to the continuance of the action and to vacate defendants' bond, and (2) a further order of the same court, dated April 4, 1979, which denied defendants' motion to dismiss the complaint and to direct judgment for the defendants on their counterclaims. Order dated February 16, 1979 modified by deleting therefrom the provision which denied the branch of defendants' motion seeking to compel plaintiff to post a bond and substituting therefor a provision granting the said branch of the motion. As so modified, order affirmed insofar as appealed from. Within 30 days after the service upon it of a copy of the order to be entered hereon, together with notice of entry thereof, plaintiff shall give an undertaking with corporate surety in the sum of $50,000 that in the event defendants are successful on their counterclaim pursuant to section 39-a of the Lien Law, then plaintiff will pay any judgment entered thereon up to said sum. If plaintiff neglects or fails to file said undertaking within the time limited, then the order is further modified by deleting therefrom the provision which denied the branch of defendants' motion seeking to vacate the bond heretofore posted by defendants and substituting therefor a provision granting the said branch of the motion. Order dated April 4, 1979, reversed and matter remanded to Special Term for a new determination in accordance herewith. Defendants are awarded one bill of $50 costs and disbursements to cover both appeals. Plaintiff, Electorque Associates, Inc., filed a notice of its mechanic's lien in September of 1975. After service of the complaint, the defendant Corbetta Construction Co. obtained a surety bond in the amount of $980,000 in order to discharge the lien. Subsequent to the service of their

answer and counterclaims, the defendants served detailed interrogatories on plaintiff by mail. When no response to these interrogatories was forthcoming, defendants moved to dismiss the complaint pursuant to CPLR 3126. In opposition to this motion plaintiff claimed that it had never received the interrogatories and Special Term, in an order dated June 6, 1978, granted the motion to the extent of directing defendants to serve a copy of the interrogatories on plaintiff within 20 days, and directing plaintiff to serve answers to the interrogatories on defendants within 30 days of service of the copy. The interrogatories were duly served, but plaintiff failed to respond thereto. Plaintiff neither moved for a protective order pursuant to CPLR 3103, nor objected to the interrogatories pursuant to CPLR 3133. In February, 1979 defendants again moved, *inter alia,* to dismiss the complaint pursuant to CPLR 3126 for failure of plaintiff to answer their interrogatories. Upon oral argument of that motion, plaintiff's counsel requested further time to answer, asserting that "Most of the papers have been assembled; with a little more time, everything can be put together and, as I say, several hundred pages will come". On February 16, 1979 Special Term granted the defendants' motion unless plaintiff served "proper and complete answers" to defendants' interrogatories within 20 days. At the eleventh hour, plaintiff served its answers, which, in substance, responded to each interrogatory with the assertion that the records necessary to formulate a proper answer thereto had been attached by the Internal Revenue Service. Defendants then made a third motion to dismiss, contending on this occasion that plaintiff had not complied with the terms of the order of February 16 which required "proper and complete answers". In opposition to this motion plaintiff's counsel submitted an affirmation in which he averred that plaintiff had been attempting to answer the interrogatories using records which "were in fact not the correct records", and that plaintiff now concluded that the United States Internal Revenue Service had attached the required information. On April 4, 1979 Special Term denied defendants' motion, commenting in its memorandum only upon the fact that plaintiff's answers to defendants' interrogatories had been timely served and failing to deal with the issue of the sufficiency of those answers. With respect to the order of February 16, 1979, it is our opinion that Special Term was correct in conditionally granting defendants' motion to dismiss unless plaintiff served its answers to defendants' interrogatories within 20 days. However, defendants' motion also sought relief from the continued obligation to post a bond, which resulted in monthly payments of $1,000 for the bond premiums. It has been cogently observed that "the delayed action is an action suspect as to its merits" *(Sortino v Fisher,* 20 AD2d 25, 32). In view of the lengthy delay in prosecuting this case, it is our view that plaintiff should be required to post a bond to indemnify defendants in the event they are successful on the counterclaim pursuant to section 39-a of the Lien Law or defendants should be relieved from the continued obligation to maintain a bond. We leave to the plaintiff the choice between the Scylla of the vacatur of defendants' bond and the Charybdis of posting a bond itself. As regards the order of April 4, 1979, it is our opinion that Special Term improvidently exercised its discretion in denying defendants' motion to dismiss without a hearing. Plaintiff's clear failure to comply with the terms of the February 16 order is excusable only if the information sought was actually unavailable to plaintiff and it failed to discover that fact despite the good faith exercise of due diligence in attempting to frame its answers. The matter must therefore be remitted for a hearing on defendants' motion, at which time the court can explore the question of whether plaintiff's failure to

discover the unavailability of the information was excusable or whether it was due to a willful refusal to make full disclosure (CPLR 3126). In the event that Special Term finds that the records necessary to answer the interrogatories are no longer in plaintiff's possession, it should explore the possible alternatives for obtaining access to these records. On remand, Special Term should also determine whether plaintiff's counsel knew or should have known that his statement to Special Term at oral argument on February 16, 1979 was misleading, and if so, whether to impose a penalty therefor. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.