■ RAY SHUFORD, as Administrator of the Estate of STEVEN C. SHUFORD, Deceased, Respondent, v STATE OF NEW YORK, Defendant. CITY OF JOHNSTOWN, Third-Party Appellant.—Appeal from an order of the Court of Claims, entered April 21, 1980, which ordered the City of Johnstown, New York, to deliver to claimant's attorney a certified copy of its investigation file including reports, notes and witnesses' statements. Claimant commenced an action against the State of New York for the wrongful death of his son as the result of an accident which occurred on August 15, 1979 while the decedent was participating in activities run by Nueva Vista Camp of the Division of Youth for the Executive Department of the State of New York. While the accident occurred outside the corporate boundaries of the City of Johnstown, it took place on property owned by the city. The police department of the city conducted an investigation and took statements from witnesses. Claimant's counsel was advised by the Fulton County Sheriff's Department that all witnesses' statements were in the possession of the city police department. The city refused to disclose its file without first obtaining a general release from the family of the deceased. A motion for disclosure was made in the Court of Claims pursuant to subdivision 2 of section 17 of the Court

of Claims Act. The affidavit of the city attorney in opposition to the motion merely claims that the material sought was "attorney's work product to which claimant is not entitled". The trial court directed full disclosure and this appeal ensued. When it comes to seeking disclosure from a nonparty, whether an individual or, as here, a corporation, the seeking party must satisfy the requirements of CPLR 3101. Paragraph (4) of subdivision (a) of this section authorizes disclosure from a nonparty upon a showing of "adequate special circumstances" (Siegel, New York Practice, § 345, p 424). We recently stated in *Matter of Catskill Center for Conservation & Dev. v Voss* (70 AD2d 753, 754): "As for the requirement, pursuant to CPLR 3101 (subd [a], par [4]) of special circumstances necessary to permit disclosure * * * the mere showing by respondents' attorney 'that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a "special circumstance" ' " (cf. *Villano v Conde Nast Pub.*, 46 AD2d 118, 120). In *Matter of Catskill Center for Conservation & Dev.*, as here, such need is adequately demonstrated in the moving affidavit. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.