■ SHIRLEY W. LEISSNER et al., Respondents-Appellants, v FORD MOTOR COMPANY et al., Appellants-Respondents.—In an action to recover damages for personal injuries, etc., (1) defendants separately appeal from so much of an order of the Supreme Court, Nassau County, dated October 23, 1979, as, upon their motions for summary judgment, only granted them as to the second and third causes of action and denied them as to the first cause of action, and plaintiffs cross-appeal from so

much of the same order as denied their cross motion to vacate prior orders which precluded them from offering any evidence on the trial of this action with respect to the second and third causes of action set forth in their complaint; and (2) plaintiffs appeal from a further order of the same court, dated July 31, 1980, which granted the motion of defendant Olins New York Rent A Car, Inc. (Olins) to dismiss the compaint. Order dated October 23, 1979 modified, on the law, by deleting therefrom the provision denying the defendants' motions as to the first cause of action and substituting therefor a provision granting the motions with respect to said cause of action. As so modified, said order affirmed insofar as appealed from, without costs or disbursements. Appeal from the order dated July 31, 1980 dismissed as academic, without costs or disbursements, in light of the determination on the appeal from the October 23, 1979 order. Although interrogatories were not permitted in negligence actions prior to September 1, 1979 (see CPLR 3130, prior to its amendment by L 1979, ch 197, § 1), CPLR 3133 (subd [a]) plainly requires the recipient of interrogatories to move to strike those which he believes are improper within 10 days after they are served upon him, regardless of the nature of the objection. (See *Coffey v Orbachs, Inc.*, 22 AD2d 317, 320; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3133:1, p 682.) As no objection was raised herein, it was proper to conditionally grant defendants' subsequent motions to compel disclosure and, upon noncompliance, the motions for summary judgment dismissing the complaint should have been granted. (See *Newark-Wayne Community Hosp. v Cleaver-Brooks, Inc.*, 59 AD2d 821.) Plaintiffs' cross motion for vacatur of prior orders of preclusion was properly denied. As found by Mr. Justice Balletta at Special Term: "The affidavit of the plaintiff Shirley Leissner and her substituted attorney are factually insufficient to demonstrate a justifiable excuse for failure to answer the interrogatories or for the failure of their attorney to appear on the return date for the motions to preclude." (See *Barasch v Micucci*, 49 NY2d 594.) Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.