■ THOMAS KELLY, Respondent, v BENJAMIN SHAFIROFF, Appellant, et al., Defendant. — In a medical malpractice action, defendant Benjamin Shafiroff appeals from so much of an order of the Supreme Court, Kings County, dated May 29, 1980, as denied the branch of his motion which sought to compel the plaintiff's wife, who is a nonparty witness, to appear for an examination before trial. Order reversed insofar as appealed from, with $50 costs and disbursements, the third decretal paragraph is deleted therefrom, and the aforesaid branch of appellant's motion is granted. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellant, or at such other time and place as the parties may agree. Special Term improvidently exercised its discretion by refusing to allow defendant Shafiroff to take the pretrial deposition of the plaintiff's wife. The plaintiff has indicated that his wife will be called as a witness at trial to testify on his behalf. Further, the record reveals that

she may have knowledge bearing on the issues of liability and damages. (See *Sherwood v Lilly & Co.,* 36 AD2d 533; *Cello v Rinaldi,* 35 AD2d 809; see, also, 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.32.) The fact that the plaintiff's wife submitted an affidavit, pursuant to Special Term's order, denying that she contributed to plaintiff's injuries, is not, in our opinion, sufficient. A statement by a witness is by no means as functional as a formal deposition, and even the tendering of a voluntary statement by such a witness may not immunize the witness from a charge of hostility. (See *Kenford Co. v County of Erie,* 41 AD2d 586.) The showing by a lawyer, as here, that he needs a witness' pretrial deposition in order to prepare fully for the trial, under the CPLR's liberal rules of pleading, should suffice as "special circumstances", pursuant to CPLR 3101 (subd [a], par [4]). (See *Kenford Co. v County of Erie, supra.)* Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.