■ VALENTIN MOGOLLON, Respondent, v SOUTH AFRICAN MARINE CORP., INC., Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated May 29, 1980, which granted plaintiff's motion for a protective order vacating defendant's notice to take the examination before trial of three witnesses whose names had been supplied by plaintiff. Order reversed,

with $50 costs and disbursements, and plaintiff's motion is denied. The examinations may proceed at times and places to be fixed in a written notice of not less than 10 days, to be given by defendant, or at such other times and places as the parties may agree. Plaintiff was injured on February 21, 1974 while loading cargo on defendant's vessel. In his bill of particulars plaintiff supplied the names of three witnesses who had advised the officers at the hatch of the allegedly defective and inadequate operation of the winches prior to the accident. Plaintiff's attorney conceded that these witnesses "have knowledge of critical facts involving the plaintiff's case." Under these circumstances, defendant has demonstrated "adequate special circumstances" to justify an examination before trial of the witnesses in question (see CPLR 3101, subd [a], par [4]). In commenting upon the scope of disclosure available pursuant to CPLR 3101 (subd [a], par [4]), Professor Siegel has noted that the phrase "special circumstances" must receive "a very liberal construction" if the goal of sharpening the issues and minimizing delay and prolixity is to be attained by our discovery procedures (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:22, p 26). He concludes (p 27): "It is submitted that disclosure against a nonparty witness should be just as broad in the state practice as it is in the federal. The only barrier is CPLR 3101(a) (4), and that is truly a nominal one. Even hostility of such a witness should not be a necessary showing. A mere showing by the lawyer that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a 'special circumstance'." (See *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403.) A showing that a witness' pretrial deposition is needed in order to fully prepare for trial has been held to constitute a "special circumstance" *(Matter of Catskill Center for Conservation & Dev. v Voss,* 70 AD2d 753; *Kenford Co. v County of Erie,* 41 AD2d 586; see, also, *Villano v Conde Nast Pubs.,* 46 AD2d 118). Plaintiff, in effect, has conceded that defendant can adequately prepare for trial only by examining the witnesses. Accordingly, the order appealed from must be reversed. Gibbons, Gulotta and O'Connor, JJ., concur.

Mangano, J. P., dissents and votes to affirm the order, with the following memorandum: The majority holds that since the testimony of the nonparty witnesses in question was characterized by plaintiff as "critical", and since defendant's attorney claimed that he must depose these witnesses in order adequately to prepare for trial, defendant demonstrated "adequate special circumstances" to justify the examination of these witnesses before trial under CPLR 3101 (subd [a], par [4]). The convergence of these two factors, i.e., the "critical" nature of the evidence and its necessity for trial preparation by opposing counsel, appears to be the point upon which the majority's decision turns. It is this convergence that is viewed as "adequate special circumstances" under the statute, so as to justify deposing the nonparty witnesses. I must observe, however, that the testimony of any nonparty witness which is deemed necessary and material to a party's case will be deemed "critical" evidence. Moreover, any competent attorney, who is aware of the intended production of a witness at trial, will easily be able to state, in all good faith, that in order to adequately prepare his case, he must examine that witness before trial. This assertion and the characterization of the evidence sought as "critical", without more, can hardly satisfy the statutory requirement of "adequate special circumstances". (Cf. *Kelly v Shafiroff,* 80 AD2d 601, wherein defendant-appellant sought to depose plaintiff-respondent's wife, obviously a potentially hostile witness.) In *Cirale v 80 Pine St. Corp.* (35 NY2d 113, 116), the Court of Appeals recognized the mandate of full disclosure contained in CPLR 3101, but pointed out the limiting

provisions of 3101 (subd [a], par [4]). Pursuant to that provision, the court found that respondents in *Cirale* had not shown "adequate special circumstances" in order to discover information and documents in the possession of a nonparty, since they had only shown that the information and documents sought were " '*material and necessary* to the proof of [their] case' " (p 116; emphasis in original). The court concluded (p 117): "Although this allegation may have some bearing on the issue whether the information sought is 'material and necessary' to the prosecution of the action, *it certainly does not satisfy the additional requirement of the statute that 'adequate special circumstances' be shown*. Nor is the bare assertion of special circumstances sufficient; *there must be specific support for the claim*. It may very well be that the respondents, after conducting their investigation, may not be able to obtain sufficient independent evidence of the facts and circumstances leading to the [incident under litigation] in order to establish their claim *** That, of course, could be a circumstance for the court to consider in passing on a new application for discovery and inspection" (emphasis supplied). In the instant case, there is no specific support for defendant's claim of special circumstances, but merely a bare assertion of same, based on defense counsel's conclusion that he needs what has been labeled "critical" evidence. Under the holding in *Cirale (supra)*, this is not enough to compel disclosure under CPLR 3101 (subd [a], par [4]). Accordingly, I dissent and vote to affirm.