■ HERMAN GERSTEN, as Administrator of the Estate of CAROL GERSTEIN Deceased, Respondent, v NEW YORK HOSPITAL et al., Defendants, and ANDREW MILANO et al., Appellants. — In a medical malpractice action to recover damages, *inter alia,* for wrongful death, defendants Milano, Weiss and Oliver appeal from so much of an order of the Supreme Court, Kings County, dated October 23, 1980, as denied the branch of their motion which sought leave to depose the decedent's parents as nonparty witnesses and to strike the action from the calendar. Order modified by deleting the provision denying leave to depose the decedent's parents and substituting therefor a provision granting that branch of appellants' motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellants, or at such other time and place as the parties may agree. It is our view that appellants should have been permitted to take the pretrial deposition of the decedent's parents. "The showing by a lawyer, as here, that he needs a witness' pretrial deposition in order to prepare fully for the trial, under the CPLR's liberal rules of pleading, should suffice as 'special circumstances' pursuant to CPLR 3101 (subd [a], par [4])." (See *Kelly v Shafiroff,* 80 AD2d 601; see, also, *Kenford Co. v County of Erie,* 41 AD2d 586.) Hopkins, J.P., Titone, Rabin and Margett, JJ., concur.