■ RUSSELL FREDERICK et al., Appellants, v RICHARD A. MASLYN, Defendant, and ST. CLARE'S HOSPITAL, Respondent. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered July 25, 1980 in Schenectady County, which denied a motion by plaintiffs for an order compelling an examination before trial of a nonparty witness. Based upon medical malpractice which allegedly occurred in the fall of 1975, plaintiffs commenced the instant personal injury action against defendants Richard A. Maslyn, M. D., and St. Clare's Hospital. In August of 1978, plaintiffs served a notice to take the deposition of Dr. Maslyn. In response to this notice, Dr. Kevin Barron, a neurologist who had recently attended Dr. Maslyn, submitted an affidavit to the effect that Dr. Maslyn was afflicted with Alzheimer's disease, a condition which is progressive and destructive of the mental faculties, and, accordingly, was not presently nor would he in the future be able to testify as to this matter. A year later, in August of 1979, plaintiffs settled with Dr. Maslyn, but the action continues against St. Clare's Hospital. With these circumstances prevailing in June of 1980, plaintiffs moved to depose Dr. Barron as a nonparty witness to obtain information relative to Dr. Maslyn's medical condition. This motion was denied by Special Term in an order from which plaintiffs now appeal. We hold that the challenged order should be affirmed. Even conceding that plaintiffs made a sufficient showing of their need for Dr. Barron's deposition in order to prepare fully for trial (see Matter of Catskill Center for Conservation & Dev. v Voss, 70 AD2d 753), it is nonetheless clear that the information sought of Dr. Barron was acquired by him in his professional capacity and was necessary for the diagnosis and treatment of Dr. Maslyn. Moreover, Dr. Maslyn did not raise his physical condition as a counterclaim or a defense and, since he has now settled with plaintiffs, he is no longer a party to this action. Under these circumstances, Dr. Maslyn has clearly not waived his physician-patient privilege pursuant to CPLR 4504 (subd [a]), and plaintiffs' motion to compel an examination before trial was properly denied (CPLR

3101, subd [b]; cf. *Koump v Smith,* 25 NY2d 287). Order affirmed, with costs.
Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.