■ MARIE KELLY, Respondent, v TOWN OF NORTH HEMPSTEAD et al., Appellants. — In an action, *inter alia,* to recover damages based upon a violation of plaintiff's rights under section 296 of the Executive Law, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated November 7, 1980, as granted the branch of plaintiff's motion which sought an order deeming certain interrogatories to be resolved in her favor, unless defendants responded to them within a certain time. Order affirmed insofar as appealed from, with $50 costs and disbursements. Defendants' time to respond to the interrogatories is extended until 10 days after service upon them of a copy of the order to be made hereon, with notice of entry. Pursuant to a court order dated July 14, 1980, the defendant town was directed to respond to Interrogatory Nos. 12 and 13, to the extent that it state what it is about plaintiff's medical condition that would interfere with her performing the duties of her employment. The defendants' response was evasive. Consequently, plaintiff is still unaware of the basis of defendants' claim, and until these "material and necessary" allegations are clarified, plaintiff cannot adequately prepare her case (see *Mogollon v South African Mar. Corp.,* 80 AD2d 636; *Kenford Co. v County of Erie,* 41 AD2d 586; *Kelly v Shafiroff,* 80 AD2d 601). In light of the CPLR's liberal rules of pleading, defendants should not be permitted to abdicate their responsibilities by claiming that this vital information is not within their knowledge, but rather within the knowledge of a nonparty witness (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.

■ JOHN KIRIY, an Infant, by IVAN KIRIY, His Parent, et al., Plaintiffs, v HERTZ CORPORATION, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. UNITED STATES GYPSUM COMPANY, Third-Party Defendant-Respondent. — Judgment of the Supreme Court, Rockland County (Marbach, J.), entered June 26, 1980, affirmed, with costs (see *Lundberg v State of New York,* 25 NY2d 467). Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.