■ 9H Realty Corp., Appellant, v Zurich Insurance Company et al., Respondents, et al., Defendant. — In an action to recover under insurance policies, plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated October 2, 1981, as granted defendants Zurich Insurance Company and Northwestern National Insurance Company's motion to the extent of directing plaintiff to respond to certain interrogatories. Order affirmed, insofar as appealed from, with $50 costs and disbursements. Plaintiff's time to respond is extended until 30 days after service upon it of a copy of the order to be entered herein, with notice of entry. 9H Realty Corp. commenced this action to recover under two insurance policies issued by defendants Zurich Insurance Company and Northwestern National Insurance Company for alleged damage to certain office equipment and bulk mailing machinery as a result of vandalism. The insurers set forth affirmative defenses alleging fraud in that a prior claim had been made to a different insurer for the same damage to the machinery. The insurance companies subsequently served upon 9H Realty Corp. and additional defendant Abraham Rodolitz (former owner of 9H Realty Corp.) a demand for answers to interrogatories. The interrogatories requested, *inter alia,* (1) a description of certain property purchased from National Equipment Rental, Ltd., which comprised part of the subject property, (2) the extent to which the property was damaged at the time of its purchase, (3) the extent of any damage subsequent to the purchase, and (4) the extent of any repairs to the property. Plaintiff's response was that it had no knowledge of the requested information. The insurers then moved to strike the complaint, or, in the alternative, to compel answers to certain of the interrogatories. In opposing the motion, plaintiff's counsel affirmed that plaintiff's records did not reveal the extent of damage or repairs to the property and that certain unnamed companies were hired to repair the property. Special Term granted the motion to the extent of directing plaintiff and additional defendant Abraham Rodolitz to respond to Interrogatory Nos. 4, 6, 7, 8, 10, 11, 12 and 14. Although 9H Realty Corp. did not limit its appeal to that part of the order directing it to answer the interrogatories, in the absence of an appeal by Rodolitz, the appeal will be so limited. It is clear that the interrogatories sought information which was material and necessary to the insurers' claim of fraud (see CPLR 3101, subd [a]; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Furthermore, plaintiff's failure to move to strike the interrogatories forecloses inquiry into the propriety of the information sought (see *Leissner v Ford Motor Co.,* 79 AD2d 700). Thus the issue is not whether the interrogatories were proper, but whether plaintiff's answers were sufficient. Although plaintiff contends that it may not be compelled to furnish answers which require information that is unknown and unobtainable, respondents maintain that plaintiff has not used its best efforts to obtain such information. We agree that plaintiff has not exercised due diligence in attempting to frame its answers to the interrogatories in question (see *Kelly v Town of North Hempstead,* 85 AD2d 687; *Electorque Assoc. v Averne Houses,* 73 AD2d 682; *Vividize Inc. v Modern Litho,* 59 AD2d 616). The mere checking of its own records does not constitute due diligence, for under these circumstances, plaintiff should have contacted the seller of the subject property, National Equipment Rental, Ltd., as well as the unnamed repair companies. Since plaintiff did not investigate these potential sources of information, it is unnecessary to order a hearing to explore whether or not access to the necessary information was in fact unavailable (cf. *Electorque Assoc. v Averne*

*Houses, supra; Vividize Inc. v Modern Litho, supra).* Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.