OPINION OF THE COURT
Aaron E. Klein, J.
Plaintiffs move for an order permitting them to conduct an oral deposition of a nonparty, Teledyne Isotopes located in Westwood, New Jersey, by its officers and employees who are most familiar with a survey conducted by Teledyne Isotopes for the presence of uranium on and in the soils surrounding the NL Bearings plant in Colonie, New York.
It appears that an action has been instituted by plaintiffs for the alleged unlawful emission of radioactive waste from defendant’s plant in Colonie. Pursuant to an order of the Honorable Roger J. Miner dated May 12,1980, the defendant was ordered to engage an independent contractor to investigate and assess all adverse environmental impact upon affected soils and real property in the vicinity of the defendant’s facility in accordance with a program approved by the Department of Environmental Conservation. Addi *393 tionally, the defendant was to submit an approval of a plan detailing any and all remedial action necessary to minimize and mitigate such environmental impacts, and the defendant was to furnish a report to the court concerning the status of its efforts.
In this application plaintiffs seek to depose the independent contractor, Teledyne Isotopes, concerning its report which has already been supplied to the plaintiffs. Expert opinion concerning the depth and quality of the report, as well as other information, is sought.
For disclosure to be had from a nonparty witness, the applicant must demonstrate adequate special circumstances. (CPLR 3101, subd [a], par [4].) In this court’s view, adequate special circumstances have been demonstrated since the independent contractor is most acutely aware of the alleged contamination, and has unique knowledge concerning the report authored by it. (Cf. Kenford Co. v County of Erie, 41 AD2d 586; Girdle v 80 Pine St. Corn., 35 NY2d 113.)
The defendant resists the application, claiming that the nonparty witness is insulated from disclosure by CPLR 3101 (subd [d]) as the opinion of an expert prepared for litigation. The defendant argues that no undue hardship or injustice has been demonstrated such as to warrant disclosure of expert opinion.
The burden of proof is on the party urging immunity from disclosure. (Koump v Smith, 25 NY2d 287, 294; New England Seafoods of Amherst v Travelers Cos., 84 AB2d 676.) In this court’s view, the defendant has failed to meet its burden, and Teledyne Isotopes may be examined concerning the survey made of contamination surrounding the Colonie plant. It appears that the plaintiffs have been mistaken concerning the plan to remedy the situation which was authored not by Teledyne Isotopes but rather the defendant itself. The disclosure will be limited to the former.
The basis of this court’s ruling is that the report was not made in preparation for litigation but rather was made at the direction of the court, and to aid the court in monitoring and supervising a potentially dangerous situation *394 while at the same time permitting the defendant to continue to a limited extent its business operations at the site. Thus, the report was not to be used for adversarial purposes and, therefore, was not a communication with an attorney as it was prepared for the court at its instance. In the treatise New York Civil Practice (3A Weinstein-KornMiller, par 3101.49 et seq.), a discussion of the purpose for granting conditional immunity to attorney work product is contained. In order to be privileged, the report must have been prepared for an attorney in aid of litigation. Even if a report was prepared for related litigation, it would not be deemed privileged. (Id., par 3101.51.) Thus, a deposition will be directed of the experts as limited since this report was prepared for the court.
The motion will be granted to the extent outlined above.