■ FRANK J. HEITZMAN, Respondent, v JOSEPH ABRAHAMSON, Appellant. — In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Pizzuto, J.), dated March 7, 1983, which granted the plaintiff's motion for a protective order vacating the defendant's notice to take the deposition of a nonparty witness, Dr. Nancy Miller, and denied the defendant's cross motion to compel said deposition without prejudice to a motion to renew upon a showing of special circumstances, and (2) an order of the same court, dated May 23, 1983, which denied the defendant's renewed motion to compel the pretrial examination of the nonparty witness. Order dated May 23, 1983 reversed, and, upon renewal, order dated March 7, 1983 vacated, plaintiff's motion denied, and defendant's cross motion to compel pretrial examination of the nonparty witness Dr. Nancy Miller granted. In the event the parties and Dr. Miller cannot agree as to a time and place for the examination, it shall proceed at a time and place to be fixed by defendant, who shall give written notice of such time and place to plaintiff and Dr. Nancy Miller not less than 10 days before the scheduled examination. Appeal from order dated March 7, 1983 dismissed, in light of the determination on the appeal from the order dated May 23, 1983. Defendant is awarded one bill of costs. This is an action wherein the plaintiff seeks to recover damages resulting from the amputation of his right leg below the knee, after he was treated by the defendant podiatrist. The plaintiff is a diabetic and it is claimed that the defendant was negligent in employing a scalpel to cut away a blister from his right foot which then became infected. According to the

plaintiff, the infection led to his being admitted to a veterans' hospital where it became necessary to amputate his right leg just below the knee. In the bill of particulars it is claimed that the "defendant's improper lancing, cutting or operating upon the plaintiff's toe * * * was dangerous and improper". The instant motions arose as a result of a portion of the medical history taken upon the plaintiff's admission to the hospital. The history in question was recorded by Dr. Nancy Miller and apparently reads as follows: "After some irritation from improperly fitting sandals in Sept., the callus felt 'pulpy' and looked white. It did not feel firm like a blister. A podiatrist in Cal. dx'd [diagnosed] it as ulcer — he lanced it; dressed it and patient was able to walk on it. This sort of tx [treatment] and hot soaks was continued in New York by another podiatrist." Special Term has held that the defendant has not demonstrated the presence of special circumstances warranting the examination before trial of nonparty witness Dr. Nancy Miller. We reverse. The defendant should have been permitted to take the pretrial deposition of the nonparty witness whose notes in the hospital record indicate that plaintiff's foot was lanced in San Francisco, California, prior to the time the defendant treated plaintiff in New York. In light of the nature of these notes, the plaintiff's claim at his examination before trial that defendant made an incision on his right foot with a scalpel and that this was the first time that anyone had cut his right foot, and the indication contained in the record to the effect that the nonparty witness will not voluntarily appear to testify, defense counsel has made an adequate showing of "special circumstances" pursuant to CPLR 3101 (subd [a], par [4]) to entitle the defendant to an examination of Dr. Miller before trial (*Gersten v New York Hosp.*, 81 AD2d 632; *Kelly v Shafiroff*, 80 AD2d 601; *Silverman v Hunsicker*, 47 AD2d 939). Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.