LABORATORY OF CHROMATOGRAPHY, INC., Respondent, v EASTERN LABORATORIES, LTD., et al., Appellants, et al., Defendants.—In an action to recover damages for unfair competition and unfair trade practices, and for injunctive relief, defendants Eastern Laboratories, Ltd., Norelle Associates, Inc., Amiya K. Dhar, Erica Heilweil also known as Estelle Heilweil, Steven Ciantro, Madeline Binder, Martin Ward, Rosale Mullady and Bernadette Gonzalez appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 4, 1984, as (1) denied their motion for a protective order vacating plaintiff's notices to take the oral depositions of certain nonparty witnesses and granted plaintiff's cross motion to compel the examination of those nonparty witnesses, and (2) granted plaintiff's separate motion to dismiss the counterclaims of defendants Dahr, Heilweil, Ciantro and Eastern Laboratories, Ltd., to recover damages for libel and tortious interference with contractual relations.

So much of the appeal as is by defendants Norelle Associates, Inc., Binder, Ward, Mullady and Gonzalez which seeks

review of the provision granting plaintiff's motion to dismiss certain counterclaims dismissed, without costs or disbursements. Those defendants are not aggrieved by the portion of the order in question which dismissed counterclaims asserted by other defendants.

Order modified by deleting therefrom the provision granting plaintiff's motion to dismiss the counterclaims, and substituting therefor a provision denying that motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff's time to reply to the counterclaims of defendants Dahr, Heilweil, Ciantro and Eastern Laboratories, Ltd., is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

The counterclaims asserted by defendants Dahr, Heilweil, Ciantro and Eastern Laboratories, Ltd., in this case are based on a letter written by plaintiff's president to one of plaintiff's customers dated September 26, 1983. The statements made in that letter seemed to implicate the defendants, Dahr, Heilweil and Ciantro, former employees of the plaintiff, in a conspiracy to sabotage the quality of the work performed by plaintiff, in contemplation of organizing their own competing enterprise and stealing plaintiff's customers. So read, the statements contained in that letter tend to expose those defendants "to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of [them] in the minds of right-thinking persons" (*Sydney v MacFadden Newspaper Pub. Corp.*, 242 NY 208, 211-212; *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *cert denied* 434 US 969; *Matherson v Marchello*, 100 AD2d 233, 236). The words, taken in their natural meaning, reasonably permit the construction that the statements contained within the letter were libelous (*Schermerhorn v Rosenberg*, 73 AD2d 276, 283; *Mencher v Chesley*, 297 NY 94, 99). Therefore, the statements can be found to constitute libel per se and those defendants were not required to plead special damages (*Matherson v Marchello, supra*). Additionally, the statements can be construed as disparaging defendants Dahr, Heilweil and Ciantro in their profession or business, which are actionable without proof of special damages (*Nichols v Item Publishers*, 309 NY 596, 601; *Four Star Stage Light. v Merrick*, 56 AD2d 767, 768; *Tedeschi v Smith Barney, Harris Upham & Co.*, 548 F Supp 1172). Therefore, the counterclaims asserted on behalf of defendants Dahr, Heilweil and Ciantro should not have been dismissed. Furthermore, the counterclaim asserted on behalf of defendant Eastern Laboratories, Ltd., states a cause of action for disparagement (*see, Payrolls & Tabulating*

*v Sperry Rand Corp.*, 22 AD2d 595, 598; *White v Delavan,* 17 Wend 49; *Marlin Fire Arms Co. v Shields,* 171 NY 384). We make no determination on this appeal as to whether the counterclaims could survive a CPLR 3212 motion for summary judgment or a trial; our inquiry is limited to ascertaining whether the pleadings state any cause of action (*see, Matherson v Marchello, supra,* pp 238-239; *Holly v Pennysaver Corp.,* 98 AD2d 570, 571-572).

Special Term properly granted plaintiff's cross motion to compel the examination of certain nonparty witnesses. Plaintiff has satisfied the requirement that special circumstances be shown, namely, that the information from these entities is necessary in order to prepare for the trial (CPLR 3101 [a] [4]; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22, pp 26-27; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.32; *Wiseman v American Motors Sales Corp.,* 103 AD2d 230, 240; *Gersten v New York Hosp.,* 81 AD2d 632; *Mogollon v South African Mar. Corp.,* 80 AD2d 636; *Matter of Catskill Center v Voss,* 70 AD2d 753; *Villano v Conde Nast Pubs.,* 46 AD2d 118, 120; *Kenford Co. v County of Erie,* 41 AD2d 586). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.