■ JOSEPH J. MCMILLIAN et al., Appellants, v ATLANTIC OLDSMOBILE, LTD., et al., Respondents.—In an action to recover damages for defamation and breach of contract, plaintiffs appeal from an order of the Supreme Court, Nassau County (Velsor, J.), entered April 17, 1984, which denied their motion to serve an amended complaint.

Order reversed, with costs, and motion granted. Amended complaint attached to the motion papers is deemed served.

Two of plaintiffs' original causes of action sounding in slander were dismissed for failing to state a cause of action. Plaintiffs did not allege special damages, and the allegedly slanderous words did not "necessarily" impute the commission of a crime. Thus the need to plead special damages was not obviated (see, Privitera v Town of Phelps, 79 AD2d 1; Klein v Rathheim, 49 Misc 2d 771, 772, affd 26 AD2d 993). Special Term's determination dismissing the original complaint was "without prejudice to an application by plaintiffs for leave to replead".

Whatever the actual merits to this case, the amended complaint pleaded the facts and circumstances surrounding the conversation in which the alleged slanderous utterances were uttered, and cured the deficiency identified in the original complaint. While "[i]nnuendo may not do the service in a pleading of enlarging the plain meaning of words", the words here reasonably have the meaning which the innuendo attributes to them and they may be read together (Luciano v Corenti, 282 App Div 977). During the course of a credit transaction to purchase an automobile, defendants informed plaintiffs that they had to be married to each other to obtain the necessary credit. Defendant Levine then stated "I don't believe you are really married to each other" and "you are trying to pull a fast one." These statements, in the context of the entire discussion overheard by third parties, sufficiently imputed the commission of a crime to plaintiffs (compare, Mishkin v Roreck, 202 Misc 653 [the word "crook", uttered in

anger, without more does not constitute slander per se], *with Harris v New York, Westchester & Boston Ry. Co.,* 244 App Div 252 [slanderous per se to call a person a crook under circumstances which pointed to a specific unlawful act]; *see also, Luciano v Corenti,* 282 App Div 977, *supra).* Accordingly, plaintiffs have stated a cause of action in slander per se, and leave to serve the amended complaint should have been granted. Lazer, J. P., Bracken, Weinstein and Kooper, JJ., concur.