■ SHARADCHANDRA G. DESAI, Respondent, v BLUE SHIELD OF NORTHEASTERN NEW YORK, INC., Appellant.—Harvey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered August 6, 1986 in Albany County, which, *inter alia,* granted the motion of Cindy Wild for a protective order prohibiting defendant from requiring her to submit to a deposition upon oral questions.

The issue on appeal is whether plaintiff's former employee, Cindy Wild, a nonparty to this action, should be compelled to appear at a deposition upon oral questions. Plaintiff was a participating dentist in defendant's dental insurance program and, subject to the terms of their agreement, received partial reimbursement for services rendered to individuals covered by defendant's program. In 1979, defendant audited claims submitted by plaintiff and concluded that he had been overpaid by approximately $81,000. Defendant informed plaintiff that future reimbursements to him would be reduced in order to allow defendant to recoup the alleged overpayment amounts. Thereafter, plaintiff commenced this action against defendant. Among the defenses asserted by defendant was the claim that plaintiff failed to provide services consistent with good dental practices as required by the contract.

At a pretrial conference in April 1986, defendant's motion for an additional 60 days to complete discovery was granted. Shortly thereafter, defendant served a subpoena and notice of deposition upon Wild who was plaintiff's former dental assistant. The notice of deposition stated that charges by the Department of Education against plaintiff indicated that he had allowed Wild, who was not a licensed dentist, to practice dentistry while employed by him. The notice further stated that Wild's testimony was relevant to defendant's asserted defense that plaintiff failed to provide the level of professional services required by the contract.

Wild made a motion for a protective order seeking to prevent defendant from requiring her to answer questions. Plaintiff joined in support of Wild's motion. Defendant opposed the motion and, since the 60-day extension for discovery was near expiration, cross-moved for an extension of the discovery period in order to conduct a deposition upon oral questions of Wild. Wild's motion was granted and defendant's cross motion denied. This appeal by defendant ensued.

We reverse. CPLR 3101 (a) (4), which provides for disclosure

from nonparty witnesses, is liberally construed to give effect to the strong policy favoring full disclosure *(Slabakis v Drizin,* 107 AD2d 45, 46; *see, New England Mut. Life Ins. Co. v Kelly,* 113 AD2d 285, 288). A showing that a nonparty witness has information or knowledge of facts needed by a party to prepare fully for a trial is an adequate ground to require disclosure from the nonparty witness *(see, Laboratory of Chromatography v Eastern Labs.,* 112 AD2d 143, 145; *Matter of Catskill Center for Conservation & Dev. v Voss,* 70 AD2d 753, 754). Here, defendant has asserted as a defense to plaintiff's action that plaintiff failed to provide the contractually required good dental services during the period in dispute. Defendant's notice of discovery sets forth facts indicating that Wild's knowledge of and participation in plaintiff's practice were relevant to establishing this defense. Further, Wild's obvious hostility is a sufficient ground to compel her to attend the deposition *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22, at 25-26). Accordingly, it was error to preclude defendant from taking a deposition upon oral questions of Wild.

Finally, we note that plaintiff's contention that Wild's testimony will breach the confidentiality privilege of CPLR 4504 is premature *(see, Matter of Pennock v Lane,* 18 AD2d 1043, 1044; *see also, Matter of Beach v Shanley,* 62 NY2d 241, 248). A determination cannot be made as to the application of the confidentiality privilege until defendant asks a question which Wild refuses to answer on the ground that privileged information is involved.

Order reversed, on the law, without costs, motion denied, cross motion granted, and period of discovery extended for 60 days after service of a copy of the order to be entered upon this decision with notice of entry and limited to the conducting of a deposition of Cindy Wild. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.