■ EDWARD F. WYDALLIS, Appellant, v UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent.—In an action to recover damages for breach of a contract of insurance, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered May 22, 1985, which granted the defendant's motion to dismiss the complaint for the plaintiff's failure to answer certain interrogatories.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith.

The defendant served interrogatories upon the plaintiff who either failed to provide an answer or gave unresponsive answers to certain of them. The plaintiff further stated that he had no knowledge as to material issues raised by the defendant's interrogatories. The defendant moved to compel the plaintiff to serve more responsive answers or, in the alternative, to dismiss the complaint. The court ordered the plaintiff to serve more responsive answers to certain enumerated interrogatories. The plaintiff then served supplemental answers, and the defendant, who determined that these were unresponsive as well, moved to have the complaint dismissed. In its moving papers, the defendant asserted that the plaintiff was an officer and stockholder of the corporation claiming the insurance proceeds from an alleged theft of the corporation's property and, therefore, should have the knowledge to answer the questions. In opposition to this motion to strike the complaint, the plaintiff submitted the affirmation of his attor-

ney and did not personally respond. The attorney's affirmation conceded that the plaintiff was an officer of the corporation and asserted that he was an assignee of the contract of insurance. He argued, however, that he was an inactive officer only and therefore did not possess the requisite knowledge. The Supreme Court dismissed the complaint after determining that the supplemental answers were unresponsive and the information requested was necessary to defend the action. The parties point out that a prior similar action brought in the Supreme Court, New York County, was dismissed because the plaintiff failed to answer interrogatories owing to a professed lack of material information *(see, Wydallis v United States Fid. & Guar. Co.,* Sup Ct, NY County, Feb. 15, 1985, Schwartz, J., *affd* 116 AD2d 1048).

Initially, the plaintiff's failure to move to strike the interrogatories forecloses inquiry into the propriety of the information sought *(see, Kleinberg v American Mayflower Life Ins. Co.,* 106 AD2d 268; *Medaris v Vosburgh,* 93 AD2d 882; *Leissner v Ford Motor Co.,* 79 AD2d 700). Thus, the issue is not whether the interrogatories were proper, but whether the plaintiff's answers were sufficient.

While we recognize that the Supreme Court has broad discretion in fashioning a remedy for failure to comply with discovery requests *(see, Zletz v Wetanson,* 67 NY2d 711), the dismissal of a complaint is a harsh remedy and is proper only where the party's failure to comply can be characterized as willful and contumacious *(see, e.g., Sawh v Bridges,* 120 AD2d 74; *Anteri v NRS Constr. Corp.,* 117 AD2d 696; *Baumann v Dee,* 100 AD2d 504). In this regard, unlike his conduct in the Supreme Court, New York County action, the plaintiff did make timely responses to the defendant's request for interrogatories. It is the substance of the responses that is presently at issue.

On rare occasions in cases involving interrogatories, where a party has professed lack of knowledge and/or the unavailability of the relevant information or documents, we have directed a hearing to explore the issue of a party's claimed lack of knowledge and/or unavailability of information and documents *(see, Electorque Assocs. v Arverne Houses,* 73 AD2d 682; *Vividize, Inc. v Modern Litho,* 59 AD2d 616; *cf., 9H Realty Corp. v Zurich Ins. Co.,* 89 AD2d 584).

While we find that some of the supplemental answers furnished by the plaintiff were responsive, substantial parts of the interrogatories requesting material and relevant information and documents were unanswered on the ground that

plaintiff had no knowledge of the information and/or documents despite the fact that plaintiff was an officer of the corporation and, as such, had executed the assignment which is the basis of this lawsuit to himself personally. We also note that no finding of willfulness was ever made.

We therefore conclude that a hearing is necessary, since the motion papers raise an issue of fact concerning the plaintiff's actual duties within the corporation and whether he was chargeable with knowledge of the information requested by the defendant. At this hearing, the court shall explore the questions of (1) the plaintiff's alleged lack of knowledge, (2) the plaintiff's claim of unavailability of information and documents, and (3) the plaintiff's diligence or lack thereof in obtaining the information and documents. After a determination is made concerning the above matters, the Supreme Court may then properly determine whether the plaintiff's failure to furnish the information requested in the interrogatories was willful or contumacious so as to support a dismissal of the complaint.

Finally, we disagree with the parties' arguments that the prior order of the Supreme Court, New York County, acted as a bar to relitigation of the issues herein. While the plaintiff's complaint in that case was also dismissed for failure to responsively answer certain interrogatories, the issues were not identical since additional questions were set forth in the interrogatories in the instant action and there is no indication in this record as to whether the same interrogatories were the subject of the prior litigation (see, Gilberg v Barbieri, 53 NY2d 285; Sucher v Kutscher's Country Club, 113 AD2d 928). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.