■ DAVID B. JACOBS, Appellant, v SAM HABER et al., Defendants, and LYNN R. D'AMICO, Respondent.—In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated January 23, 1987, which granted the motion of the defendant Lynn D'Amico to dismiss the complaint insofar as it is asserted against her, and (2) an order of the same court, dated February 26, 1987, which denied his motion for reargument.

Ordered that the appeal from the order dated February 26, 1987 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 23, 1987 is reversed, on the law, the motion is denied, and the complaint insofar as it is asserted against the defendant Lynn D'Amico is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs; and it is further,

Ordered that the defendant Lynn D'Amico's time to answer the complaint is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiff contends that the Supreme Court erred in dismissing the complaint insofar as it is asserted against the defendant D'Amico because it overlooked an affidavit of Dr. Gunsberger, the defendant's physician, that detailed D'Amico's defamatory statements concerning the plaintiff. We agree.

When a motion is made under CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, every fact alleged must be assumed to be true and the complaint must be liberally construed in the plaintiff's favor *(see, Barr v Wackman,* 36 NY2d 371, 375). Applying this standard, the plaintiff's verified complaint and accompanying exhibits, coupled with the reply affidavit of Dr. Gunsberger, are sufficient to state a cause of action sounding in defamation against the defendant D'Amico *(see, Laboratory of Chromatography v Eastern Labs.,* 112 AD2d 143; *McMillian v Atlantic Oldsmobile,* 115 AD2d 645). Since the communications were not related to diagnosis or treatment, they were not protected by the physician-patient privilege *(see,* CPLR 4504 [a]; *Hughson v St. Francis Hosp.,* 93 AD2d 491, 498). Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.